SHARP, Judge.
William and Joyce Bronson, title holders of record to a parcel of real property in Brevard County, and Bronson and Veal Enterprises, Inc., the holder of an unrecorded quitclaim deed to the property, appeal from a summary judgment denying them any interest in the “excess” funds obtained by the county when the property was sold to pay taxes. The trial court held the claim was barred by the statute of limitations, section 95.11(4), Florida Statutes (1973), or by section 197.291(2), Florida Statutes (1973). We affirm.
On June 3, 1974, the property was sold for $6,500.00 at a tax sale, and the county notified William and Joyce Bronson it was holding the excess ($5,411.28) for their benefit. In July of 1974, a corporate officer of the unrecorded title holder demanded payment and was told he would have to establish his claim by affidavit from William and Joyce. The clerk transferred the excess to the Board of County Commissioners on November 1, 1974, pursuant to the procedure in section 197.186, which is incorporated by reference into section 197.291(2).[1]
At the end of July, 1977, Bronson and Veal Enterprises, Inc. presented the required affidavit to the clerk and made an unsuccessful demand for payment of the excess funds. It filed suit to require payment of the excess on August 31, 1978.
It appears to us that the applicable statute of limitations or non-claim is section 197.291, Florida Statutes (1973). Section 197.291(2) provides:
If the property is purchased for an amount in excess of the statutory bid of the certificate holder, the excess shall be paid over and disbursed by the clerk. The clerk shall distribute the excess to the governmental units for the payment *577 of any lien of record held by the governmental unit against the property.... If, after all liens of record of the governmental units upon the property are paid in full, there remains a balance of undistributed funds, the balance of the purchase price shall be retained by the clerk for the benefit of the person who on the day of the sale was the legal titleholder of record.... Excess proceeds shall be held and disbursed in the same manner as unclaimed redemption moneys in s. 197.-186, [F.S.1973].... (emphasis supplied).
Section 197.186, Florida Statutes (1973), provides:
When money is held by the tax collector for the redemption of tax certificates, which money is by the course of law provided to be paid over to the holder of a redeemed tax certificate, but as to which the tax collector has not made payment over to the tax certificate holder of record, the tax collector shall, upon the expiration of ninety (90) days from the receipt of the moneys, remit, on the first day of the following quarter, to the board of county commissioners the unclaimed redemption moneys, less the sum of one dollar on each hundred dollars or fraction thereof, which shall be retained by the collector as service charges. Two years after the date of the unclaimed redemption moneys were remitted to the board of county commissioners, all claims to such moneys are hereby declared to be forever barred, and such moneys shall become the property of the county. (Emphasis supplied.)
Sections 197.186 and 197.291(2) have been amended several times. After the 1972 amendment these sections contained similar provisions for the disbursement of excess funds and identical limitations provisions. In 1973 the duplicate disbursement and limitations language of section 197.291(2) was deleted and it was replaced with the cross reference to section 197.186. No substantive change was intended.
AFFIRMED.
DAUKSCH, C. J., and COBB, J., concur.

. Section 197.291(2), Florida Statutes (1973), provides:
Excess proceeds shall be held and disbursed in the same manner as unclaimed redemption money in § 197.186 [F.S.1973],
Section 197.186 provides:
[T]he tax collector shall upon the expiration of ninety (90) days from the receipt of the moneys, remit, on the first day of the following quarter, to the board of county commissioners the unclaimed redemption moneys