427 So.2d 821 (1983)
George BROWN, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. 82-1087.
District Court of Appeal of Florida, Second District.
March 9, 1983.
Jerry Hill, Public Defender, Bartow, and Deborah A. Adamson, Asst. Public Defender, Tampa, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and David T. Weisbrod, Asst. Atty. Gen., Tampa, for appellee.
OTT, Chief Judge.
We affirm appellant's judgment and sentence for second degree grand theft in violation of section 812.014(2)(b), Florida Statutes (1981), and resisting arrest with violence in violation of section 843.01, Florida Statutes (1981). However, it appears that appellant has been deprived of fifteen days of jail time credit. For the reasons hereafter expressed, we hold that appellant's deprivation of jail time credit is not a result of error by the trial court and cannot be raised or corrected by this direct appeal.
The fifteen-day period of incarceration for which it appears appellant has not received jail time credit was served in county jail following his conviction and sentencing on April 13, 1982, and preceding his transfer to the state correctional institute on April 28, 1982. Under the provisions of section 921.161(2), Florida Statutes (1981), a defendant must receive jail time credit for all postconviction and postsentencing incarceration in county jail that is served prior to *822 being placed in the custody of the Department of Corrections. The statute further provides that upon delivery of the prisoner to the Department of Corrections, the sheriff shall certify in writing, generally on a receipt for prisoner form, the date that the sentence was imposed and the date that the prisoner was delivered to the Department of Corrections. The statute establishes that the receipt for prisoner form, which is statutorily referred to as a certificate, shall serve as prima facie evidence of the facts certified in the form.
An examination of the record discloses that appellant's receipt for prisoner form specifies that appellant was delivered by the sheriff to the Department of Corrections on April 28, 1982, fifteen days following the imposition of appellant's sentence. The record further indicates that appellant remained incarcerated in county jail during this fifteen-day interim period.
Accordingly, appellant's contention that he has been deprived of fifteen days of jail time credit is correct. The text of section 921.161(2) implicitly imposes upon the Department of Corrections, and not the trial court, the responsibility of granting appellant postsentencing jail time credit. Once the trial court imposed its sentence upon appellant and satisfied its burden of granting appellant all presentencing jail time credit that appellant deserved, the trial court's role ended.
Since appellant's right to postsentencing jail time credit is not before the trial court at the time of sentencing, the issue is not properly raised on direct appeal by an attack on the judgment and sentence. As noted, however, appellant's allegation regarding his right to postsentencing jail time credit has merit. The appropriate course for appellant to pursue is to seek a writ of mandamus instructing the Department of Corrections to grant appellant jail time credit for the fifteen days of incarceration in county jail that he served following his sentencing and prior to his transfer to the state correctional institute. See Adams v. Wainwright, 275 So.2d 235 (Fla. 1973).
BOARDMAN and DANAHY, JJ., concur.