590 So.2d 1043 (1991)
Johnny REYNOLDS, Appellant,
v.
STATE of Florida, Appellee.
No. 91-1701.
District Court of Appeal of Florida, First District.
December 17, 1991.
Louis O. Frost, Jr., Public Defender, and James T. Miller, Asst. Public Defender, Jacksonville, for appellant.
Robert A. Butterworth, Atty. Gen., and Suzanne G. Printy, Asst. Atty. Gen., Tallahassee, for appellee.
ALLEN, Judge.
The appellant challenges an order denying his request to have time spent at liberty credited against a sentence which was previously imposed. This request was made by a Fla.R.Crim.P. 3.800(a) motion to correct an illegal sentence. Because the requested credit does not affect the legality of the sentence as imposed, we conclude that the appellant's motion did not state a basis upon which relief could be granted in this proceeding.
After being convicted and sentenced to a term of imprisonment the appellant was prematurely released from confinement due to a mistake at the county jail. He was subsequently taken back into custody and returned to confinement. The appellant then filed the rule 3.800(a) motion, alleging that the release was not due to his own fault and requesting that the time spent at liberty be credited against the sentence.
Section 921.161(1), Florida Statutes, establishes that when a sentence is imposed the court must allow a defendant credit for time spent in jail before sentencing. A court's failure to allow this jail time credit impacts the legality of the sentence, and a motion for such credit may therefore *1044 properly be made under rule 3.800(a). See Morgan v. State, 557 So.2d 605 (Fla. 1st DCA 1990); Moorer v. State, 556 So.2d 778 (Fla. 1st DCA 1990). But the sentence which was imposed in the present case included a provision for such credit, and the appellant's motion does not involve jail time before sentencing. The appellant requested credit for a period of time after sentencing but before being delivered to the Department of Corrections, as addressed in section 921.161(2), Florida Statutes. Unlike section 921.161(1), which relates to the court's obligation regarding credit for time before sentencing, section 921.161(2) relates to the Department of Corrections' obligation regarding credit for time after sentencing. See Brown v. State, 427 So.2d 821 (Fla. 2d DCA 1983). The request for such credit after sentencing does not impact the legality of the sentence which has been imposed, and thus is not a proper claim under rule 3.800(a).
In denying the appellant's motion, the court expressed some concern as to whether the claim could be presented by a rule 3.800(a) motion, but the court then proceeded to consider the merits of the motion. The court's ruling on the merits is to be accorded no binding force or effect, as the appellant did not properly invoke the court's authority to consider the merits of the claim. As Brown suggests, the appellant might seek a writ of mandamus should the Department of Corrections fail to comply with its obligation under section 921.161(2). See also, Sutton v. Department of Corrections, 531 So.2d 1009 (Fla. 1st DCA 1988). And in Drumwright v. State, 572 So.2d 1029 (Fla. 5th DCA 1991), upon which the appellant relies, the sentencing court was not required to expressly incorporate such credit in an amended sentence. But see, Carson v. State, 489 So.2d 1236 (Fla. 2d DCA 1986). None of these cases allow the issue to be entertained pursuant to rule 3.800(a).
In addition to the possibility of mandamus, if necessary, the appellant may also have other potential avenues of relief. But the appellant did not properly invoke the court's authority in this case and, while we express no opinion as to the merits of the claim, the denial of the appellant's rule 3.800(a) motion is affirmed.
KAHN and WEBSTER, JJ., concur.