616 So.2d 521 (1993)
Walter HARVEY, Appellant,
v.
STATE of Florida, Appellee.
No. 93-00512.
District Court of Appeal of Florida, Second District.
March 19, 1993.
Rehearing Denied April 15, 1993.
*522 PER CURIAM.
Walter Harvey appeals the summary denial of two motions. The first seeks post-conviction relief, based primarily upon Harvey's contention that he did not understand the consequences of his guilty plea. The second, captioned "motion for correct release date," deals with the award of gain time.
In denying postconviction relief, the trial court attached the plea colloquy and other documents. These conclusively demonstrate that Harvey is not entitled to withdraw his plea or to be resentenced. As to the second motion, the trial court correctly found that the award of gain time is the province of the Department of Corrections, not the court. We therefore affirm both orders.
We are concerned, however, about a separate claim made in the "memorandum brief of appellant" that Harvey has submitted for the first time to this court. Harvey is a juvenile who was prosecuted as an adult. The trial court imposed a split sentence under the Youthful Offender Act. § 958.04, Fla. Stat. (1991). Harvey states that he is "presently confined ... in Charlotte Correctional Institution with mentally impaired prisoners and adult habitual offenders as well as other violent felony offenders rather than at a youth camp or institution."
Section 958.11(2) provides that "[y]outhful offender institutions ... shall contain only those youthful offenders sentenced as such by a court or classified as such by the department." Charlotte Correctional is not among the youthful offender institutions enumerated in section 33-6.003(1), Florida Administrative Code. Accordingly, the question arises whether Harvey is being incarcerated unlawfully, and if so, what he should do about it.
Upon further review we conclude that Harvey's brief, assuming we are entitled to consider its allegations, contains no showing of unlawful confinement. The Department of Corrections is authorized under certain circumstances to remove youthful offenders from its specialized facilities, such as when the prisoner has become "a serious management or disciplinary problem." § 958.11(3)(b). Under section 33-6.003(3), Florida Administrative Code, such transfers are not intended to be "regular," should be supported by a report detailing the reasons for transfer, and should be reviewed periodically with the intent of returning the prisoner to the youthful offender facility as soon as possible. Harvey does not state why he is now housed at Charlotte Correctional Institute, and does not allege facts which would suggest his transfer was done improperly.
In view of the fact Harvey's confinement is neither per se unlawful nor an apparent violation of the trial court's sentencing *523 order, the Pinellas County Circuit Court has no jurisdiction to address his current complaint. Instead, Harvey should pursue administrative remedies within the Department of Corrections, followed if necessary by a petition for relief by mandamus or habeas corpus in the circuit where he is presently confined.
Affirmed.
CAMPBELL, A.C.J., and PARKER and PATTERSON, JJ., concur.