632 So.2d 653 (1994)
James HENDERSON, Appellant,
v.
STATE of Florida, Appellee.
No. 92-3146.
District Court of Appeal of Florida, Fifth District.
February 11, 1994.
James B. Gibson, Public Defender and Nancy Ryan, Asst. Public Defender, Daytona Beach, for appellant.
Judy Bone, Asst. General Counsel, Dept. of Corrections, Tallahassee, for appellee.
GOSHORN, Judge.
James Henderson was charged and convicted by a jury of: Count I  second degree murder; Count II  use of a firearm in the commission of a felony; and Count III  carrying a concealed firearm. On direct appeal, this court reversed Henderson's convictions on Counts I and II, 507 So.2d 632. Subsequently, on certiorari review, the Florida Supreme Court quashed this court's decision and reinstated the convictions, 521 So.2d 1113. Henderson, who had been released from the Department of Corrections by virtue of our mandate, was reincarcerated. The trial court denied Henderson's motion for credit against his sentences for the time he was at liberty. We affirm.
Without addressing the merits of Henderson's motion, we hold he has sought the wrong remedy. We recognize that presentence jail time credit is a matter within the purview of the trial court and the failure to make a proper award affects the validity *654 of a sentence. Morgan v. State, 557 So.2d 605 (Fla. 1st DCA 1990). However, an award of credit after sentencing is a matter for the Department of Corrections. See Reynolds v. State, 590 So.2d 1043 (Fla. 1st DCA 1991) (holding the request for credit after sentencing did not impact the legality of the sentence, and thus was not properly before the trial court); Brown v. State, 427 So.2d 821 (Fla. 2d DCA 1983). See also § 921.161(2), Fla. Stat. (1993).
Henderson's entitlement to relief, if any, is properly sought through administrative proceedings and, if necessary, by filing a petition for a writ of mandamus naming the Department of Corrections as respondent. Killings v. State, 567 So.2d 60 (Fla. 4th DCA 1990); Brown.
AFFIRMED.
HARRIS, C.J., and THOMPSON, JJ., concur.