PER CURIAM.
Hughes Alexander appeals the summary denial of his motion to correct illegal sentence pursuant to Florida Rules of Criminal Procedure 3.800(a). Alexander raises four grounds within his motion, however, only the issue concerning jail credit possibly may be meritorious.
In his sworn motion, Alexander claims he is entitled to 119 additional days of jail credit. While the allegations appear to be facially sufficient, neither Alexander, nor the court attach portions of the record to support their position.
We subscribe to the attachment requirement with respect to rule 3.800(a) proceedings. See Littlejohn v. State, 616 So.2d 129 (Fla. 2d DCA 1993); Thomas v. State, 611 So.2d 600 (Fla. 2d DCA 1993); Thomas v. State, 634 So.2d 175, 177 (Fla. 1st DCA 1994). Accordingly, we reverse the order of denial as to the issue of jail credit and remand for further proceedings. If the trial *619 court again denies the request for additional jail credit, it must attach those portions of the record that refute Alexander’s allegations; or it shall conduct an evidentiary hearing on the matter. In all other respects the order denying the motion is affirmed.
Affirmed in part, reversed in part, and remanded.
DANAHY, A.C.J., and CAMPBELL and PARKER, JJ., concur.