PER CURIAM.
Jimmy McCloud appeals from an order denying his “motion to correct jail-time.” We reverse.
He alleges that he is entitled to receive the same 333 days’ credit in case no. 90-3279 as he received in case no. 85-3259. The trial court denied the motion based on the appellant’s arrest and sentencing dates in case no. 90-3279. If the appellant was not arrested for the charges brought in case no. 90-3279 until the date provided in the order, then the trial court correctly denied relief. See Keene v. State, 500 So.2d 592 (Fla. 2d DCA 1986) (for each sentence, defendant entitled only to credit for time spent in jail for charge which led to that sentence). The court, however, failed to attach any documentation evidencing the arrest and sentencing dates. See Summerall v. State, 637 So.2d 370 (Fla. 2d DCA 1994).
Accordingly, we reverse the trial court’s order. On remand, if the court again denies relief, it must attach portions of its records that refute the appellant’s allegations. If the appellant is aggrieved by any subsequent action of the trial court, he must file a timely notice of appeal to obtain further appellate review.
Reversed and remanded.
RYDER, A.C.J., and SCHOONOVER and QUINCE, JJ., concur.