647 So.2d 1056 (1994)
Elijah BOWLES, III, Appellant,
v.
STATE of Florida, Appellee.
No. 94-2314.
District Court of Appeal of Florida, Fifth District.
December 22, 1994.
*1057 Elijah Bowles, III, pro se.
GOSHORN, Judge.
Elijah Bowles, III appeals the summary denial of his rule 3.800 motion. We affirm.
Bowles' pro se motion seeking credit for time served is disjointed and not easily understood; however, he appears to complain that although the judge awarded him 617 days' credit for time served, the Department of Corrections informed him he was only entitled to 40 days' credit. If in fact that is his complaint, we note that an award of credit after sentencing is a matter for the Department of Corrections. See Reynolds v. State, 590 So.2d 1043 (Fla. 1st DCA 1991) (holding the request in a rule 3.800(a) motion after sentencing did not impact the legality of the sentence, and thus was not properly before the trial court); Brown v. State, 427 So.2d 821 (Fla. 2d DCA 1983) (finding that issue of appellant's right to post sentencing jail time credit may not be raised on direct appeal by attacking judgment and sentence because appellant's right to post sentencing credit for time served is not properly before the trial court).
Bowles' entitlement to relief, if any, is properly sought through administrative proceedings, and, if necessary, by filing a petition for mandamus naming the Department of Corrections as respondent. See Killings v. State, 567 So.2d 60 (Fla. 4th DCA 1990); Brown, 427 So.2d at 822.
AFFIRMED.
DIAMANTIS and THOMPSON, JJ., concur.