651 So.2d 1298 (1995)
Derek STEVENS, Appellant,
v.
STATE of Florida, Appellee.
No. 94-1624.
District Court of Appeal of Florida, Fifth District.
March 17, 1995.
*1299 James B. Gibson, Public Defender, and M.A. Lucas, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Allison Leigh Morris, Asst. Atty. Gen., Daytona Beach, for appellee.
DAUKSCH, Judge.
This appeal involves four lower court cases. Derek Stevens a/k/a Earnest Hughes, Jr., appellant, argues that the trial court erred by failing to grant his motion to allow credit for 274 days time served in all four cases. According to the record provided to this court, appellant was arrested: in Case No. 91-5480 on October 13, 1993, in Case No. 92-30649 on September 19, 1993, for violation of probation, in Case No. 93-32935 on June 28, 1993, and in Case No. 93-34081 on September 7, 1993. At appellant's sentencing hearing held on April 6, 1994, appellant informed the trial court that he had been in custody for approximately six and one-half months. No other evidence was presented to this court as to whether appellant remained incarcerated after each of his arrests. Appellant received 274 days credit for Case No. 92-30649, 178 days credit for Case No. 91-5480, one day of credit for Case No. 93-34081, and one day of credit for Case No. 93-32935.
Section 921.161(1), Florida Statutes (1993) provides that "the court imposing a sentence shall allow a defendant credit for all of the time he spent in the county jail before sentence." This court has recognized that when a defendant receives concurrent sentences, the credit must be applied to each of the concurrent sentences. However, when a defendant does not spend the same time in jail awaiting sentence on each of the several offenses because the defendant was arrested for each offense on a different date, the defendant may have earned more jail time credit against one sentence than another. Price v. State, 598 So.2d 215 (Fla. 5th DCA 1992). Because appellant was arrested for four different cases at different times, appellant was not entitled to 274 days of credit for all four cases. It is not clear from the record, however, that the credit appellant received on each case is correct.
Appellee argues that the trial court's order is legally correct because an award of credit after sentencing is a matter for the Department of Corrections. This court in Henderson v. State, 632 So.2d 653, 653-654 (Fla. 5th DCA 1994) held that "presentence jail time credit is a matter within the purview of the trial court and the failure to make a proper award affects the validity of a sentence." In Morgan v. State, 557 So.2d 605, 606 (Fla. 1st DCA 1990), the First District recognized that the function of Rule 3.800(a) is to correct sentences, and it is well established that credit for jail time can be raised under this rule. See also Daniels v. State, 491 So.2d 543 (Fla. 1986); Martin v. State, 525 So.2d 901 (Fla. 5th DCA 1988) (on motion *1300 for rehearing en banc); Baranko v. State, 516 So.2d 332 (Fla. 1st DCA 1987). The trial court had jurisdiction to correct appellant's sentence if appellant did not receive the correct amount of credit for time served prior to sentencing.
Appellant contends that because of the discrepancies which exist regarding the amount of his jail time credit, this court should reverse the trial court's denial of appellant's motion to allow jail credit. Appellee admits that neither the record nor the order reflect the basis of the trial court's determination of jail credit. In denying appellant's motion to correct jail time, the trial court should have attached documentation evidencing the arrest and sentencing dates, or documentation that refutes appellant's claim. Faust v. State, 644 So.2d 353 (Fla. 2d DCA 1994); McCloud v. State, 638 So.2d 636 (Fla. 2d DCA 1994); Alexander v. State, 638 So.2d 618 (Fla. 2d DCA 1994). Other than appellant's statement to the trial court that he had been in custody for six and one-half months, the appellate record contains no definitive explanation as to the amount of time appellant actually served in each case. The record does not adequately reflect the trial court's ruling. Therefore, the trial court's order denying appellant's motion to allow jail credit should be reversed. On remand, if the trial court denies appellant's motion, it must attach documentation evidencing when appellant was arrested on each case and the amount of credit appellant is due for time served prior to sentencing on each case.
REVERSED and REMANDED.
COBB and THOMPSON, JJ., concur.