660 So.2d 781 (1995)
Mark Alvin POSEY, Petitioner,
v.
The Honorable Stanton S. KAPLAN, Circuit Judge of the Seventeenth Judicial Circuit in and for Broward County, Florida, Respondent.
No. 95-0565.
District Court of Appeal of Florida, Fourth District.
September 20, 1995.
Mark Alvin Posey, Miami, pro se petitioner.
Robert A. Butterworth, Attorney General, Tallahassee, and John Tiedemann, Assistant Attorney General, West Palm Beach, for respondent.
PER CURIAM.
Petitioner, a prisoner proceeding pro se, seeks a writ of mandamus, requiring the trial court, inter alia, to correct his written sentence as to credit for time served prior to sentencing.
Petitioner asked the trial court either to compel the Department of Corrections to credit him with the time he was entitled to (seeking the equivalent of a writ of mandamus) or to correct his written sentence to *782 conform to the oral pronouncements of the court at the time of his plea. His petition was dismissed on the ground that the trial court lacked jurisdiction to afford any relief, as Petitioner's sole remedy was to take administrative action.
We do not determine whether Petitioner will ultimately be entitled to any relief in the circuit court. However, we do recognize that the circuit court has jurisdiction to consider Petitioner's claim as to its sentence. Mandamus is the proper method to test a court's determination that it lacks jurisdiction over a matter and to compel that court to exercise jurisdiction, if it has wrongfully refused to do so. Pino v. District Court of Appeal, Third Dist., 604 So.2d 1232, 1233 (Fla. 1992).
In November, 1994, Petitioner entered a guilty plea in four separate pending circuit court cases. He alleges that his plea agreement, accepted by the court, included a provision that he would receive credit for specific amounts of time served in each of the pending cases. Petitioner alleges that the trial court pronounced the correct credit as part of the oral sentences imposed but that he was subsequently informed by the Department of Corrections that he would receive no credit because the written sentencing orders did not "consolidate" the multiple credits into one document.
Respondent asserts that it is within the sole authority of the Department of Corrections to calculate and apply gain time credits, and that the circuit court lacks jurisdiction to interfere with this process. However, here, Petitioner is apparently seeking credit for only that amount of time that he earned before the sentence was imposed as expressly considered, calculated and awarded at sentencing. Respondent acknowledges that Petitioner's sentence included findings as to the specific number of days of credit to be awarded in each case against the sentences imposed.
In Mongiouvi v. State, 639 So.2d 686 (Fla. 2d DCA 1994), which arose as a motion to correct sentence pursuant to rule 3.800(a), Florida Rules of Criminal Procedure, the Second District drew a distinction between a sentencing order containing an award of a specific amount of gain time and one in which the court delegates the task of calculating the amount of time served credit to the department. Where the court itself has performed the calculations, it retains jurisdiction to correct the amount of time awarded. Similarly, we conclude that, regardless of whether the "petitions" filed in the circuit court were petitions for writs of mandamus, or rule 3.800(a) motions, or a hybrid pleading seeking both alternatively, the trial court has jurisdiction to treat the "petitions" as motions filed pursuant to rule 3.800(a) to correct or clarify his sentences in that regard.
Respondent's response to our show cause order indicates that Petitioner may have received all the credit that he is due. Nevertheless, Petitioner is entitled to consideration of this issue by the trial court. We have considered Green v. State, 636 So.2d 830 (Fla. 5th DCA 1994), Walker v. State, 619 So.2d 518 (Fla. 1st DCA 1993), and Harvey v. State, 616 So.2d 521 (Fla. 2d DCA 1993), relied on by Respondent. However, we deem them inapposite as to the limited issue resolved here.
Therefore, the dismissal order is quashed and we withhold the issuance of a writ in anticipation of trial court compliance with this opinion.
GUNTHER, C.J., and STONE and KLEIN, JJ., concur.