661 So.2d 355 (1995)
Norman Lorenzo BARBER, a/k/a Norman L. Barber, Jr., Appellant,
v.
The STATE of Florida, Appellee.
No. 95-1351.
District Court of Appeal of Florida, Third District.
October 5, 1995.
*356 Norman Lorenzo Barber, in proper person.
Robert A. Butterworth, Attorney General, and Wanda Raiford, Assistant Attorney General, for appellee.
Before SCHWARTZ, C.J., and BASKIN and COPE, JJ.
PER CURIAM.
Norman Lorenzo Barber filed a motion for post conviction relief seeking credit for time served prior to conviction. The lower court denied the request without prejudice and this appeal followed.
The sentencing order in circuit court case no. 92-19156 indicates that the defendant was awarded 121 days credit for time served. The sentencing order in circuit court case no. 92-14144 reflects that the defendant has been awarded 58 days credit for time served. Both sentencing orders are correct. See Stevens v. State, 651 So.2d 1298 (Fla. 5th DCA 1995). Since the trial court had already correctly calculated the credit for time served and made correct awards on the sentencing orders in the two cases, no further judicial action was needed by the trial court. Accordingly there was no error in the trial court's denial of the motion for credit for jail time without prejudice.
Defendant asserts, however, that the Department of Corrections has acted inconsistently with the sentencing order and only granted 58 days credit in both cases.[1] Our affirmance is without prejudice to defendant to seek relief through the Inmate Grievance Procedure, Fla. Admin. Code ch. 33-29, and if that remedy is unsuccessful, to file a petition for writ of mandamus directed to the Department of Corrections.[2] A trial court may grant mandamus relief if it determines that the award of credit by the Department of Corrections does not conform to the sentencing order and that defendant has exhausted the available administrative remedies. Bowles v. State, 647 So.2d 1056 (Fla. 5th DCA 1994); Riddell v. State, 534 So.2d 907 (Fla. 1st DCA 1988).
Affirmed.
NOTES
[1] We invite the attention of the Department of Corrections to the sentencing order in circuit court case no. 92-19156.
[2] Venue for such a mandamus proceeding is in the circuit court in Tallahassee, Leon County, Florida. See Singletary v. Powell, 602 So.2d 969 (Fla. 1st DCA 1992); Dugger v. Grooms, 582 So.2d 136 (Fla. 1st DCA 1991).