664 So.2d 35 (1995)
Ned BLAND, Appellant,
v.
STATE of Florida, Appellee.
No. 95-1981.
District Court of Appeal of Florida, Fifth District.
December 1, 1995.
Ned Jerome Bland, Avon Park, pro se.
*36 Robert A. Butterworth, Attorney General, Tallahassee, and Robin Compton Jones, Assistant Attorney General, Daytona Beach, for Appellee.
W. SHARP, Judge.
Bland appeals from a summary denial of his second rule 3.800(a) motion, contending he is entitled to administrative gain time and provisional gain time credits against his twelve-year sentence for first degree arson, which was imposed after he violated his probation.[1] He was first sentenced in 1988 before the effective date of the amendments to the statute which provides for forfeiture of gain time after revocation of probation. See Ch. 89-526, §§ 6, 8, 52, Laws of Fla. Thus, Bland is entitled to credit against his twelve year sentence for the entire seven years of his seven year sentence, although he served only 470 days.
The trial court directed the Department to award all gain time and county jail credit to Bland which he earned under the prior statute, for his first sentence. Bland's claim that the Department has failed to properly award him provisional credit in violation of this order is not a proper subject for a rule 3.800(a) proceeding. Bland's proper course should be to address this problem through an administrative hearing, or if necessary, through a mandamus proceeding. See Bowles v. State, 647 So.2d 1056 (Fla. 5th DCA 1994); Madden v. State, 651 So.2d 249 (Fla. 1st DCA 1995).
AFFIRMED.
HARRIS and THOMPSON, JJ., concur.
NOTES
[1] In 1988, Bland was sentenced to seven years incarceration followed by one year probation. Bland served 470 days and was released from prison. After he violated his probation, Bland was resentenced to twelve years incarceration.