673 So.2d 873 (1996)
Detrich WILLIAMS, Appellant,
v.
STATE of Florida, Appellee.
No. 95-1287.
District Court of Appeal of Florida, First District.
January 16, 1996.
Rehearing Denied June 14, 1996.
Pro Se, for Appellant.
No Appearance, for Appellee.
MICKLE, Judge.
Williams appeals the denial of his motion to correct sentence filed pursuant to Fla. R.Crim.P. 3.800. We affirm.
As Williams' first claim for relief, he asserts that, upon resentencing for violation of probation, he should have been awarded credit for all previously served time with the Department of Corrections, including nonforfeited gain time. The written sentence entered following violation of probation contains a checkmark by the provision providing for "credit for all time previously served on this count in the Department of Corrections prior to resentencing." Since Williams' motion does not challenge the sentence imposed by the trial court as illegal, but in essence seeks an order directing the Department of Corrections to award proper credit for time served, he should have sought relief through the inmate grievance procedure set forth in Chapter 33-29, Florida Administrative Code, followed by, if necessary, the filing of a petition for mandamus naming the Department *874 of Corrections as respondent. See Barber v. State, 661 So.2d 355 (Fla. 3d DCA 1995); Bowles v. State, 647 So.2d 1056 (Fla. 5th DCA 1994). Our affirmance on this issue is therefore without prejudice to Williams to seek relief through administrative proceedings.
Williams' second claim for relief, that he should have been sentenced under the 1994 sentencing guidelines, has been rejected in Allen v. State, 664 So.2d 4 (Fla. 3d DCA 1995); Wood v. State, 655 So.2d 212 (Fla. 5th DCA 1995).
AFFIRMED.
JOANOS and VAN NORTWICK, JJ., concur.