682 So.2d 147 (1996)
Tyler SMITH, Appellant,
v.
STATE of Florida, Appellee.
No. 95-3312.
District Court of Appeal of Florida, Fourth District.
April 10, 1996.
Rehearing Denied October 30, 1996.
*148 Tyler Smith, Madison, pro se.
No appearance required for appellee.
STEVENSON, J.
Appellant was re-sentenced to prison after he violated the probationary portion of a split sentence. By letter, the Department of Corrections (D.O.C.) informed appellant that he would be given credit for the actual time he spent in prison, but that he would not be credited with unforfeited gain time because it was not expressly provided for in the sentencing order. Appellant filed this rule 3.800 motion with the trial court alleging that he is entitled to credit for his earned gain time in addition to the actual time that he served in prison. The trial court denied appellant's motion on the basis that it had no jurisdiction over the D.O.C. located in the county where appellant was incarcerated. We affirm the trial court's ruling without prejudice for appellant to file a petition for writ of mandamus in the appropriate court requesting that the D.O.C. be ordered to include earned gain time in calculating his release date.
This court has held that sentencing orders which award credit for prison time served for offenses committed prior to October 1, 1989, necessarily encompass earned gain time because once the trial court orders credit for prison time served, the defendant becomes entitled to an allowance for earned gain time by operation of law. See Smith v. State, 659 So.2d 1222 (Fla. 4th DCA 1995).[1] In the instant case, appellant committed the original crimes prior to October 1, 1989. The trial court's order provided that appellant was entitled to credit for all time previously served in the D.O.C. prior to resentencing. Accordingly, no further directive was required to enable the D.O.C. to compute a *149 release date which recognized all of appellant's earned gain time.[2]
Nevertheless, we affirm the trial court's order denying appellant's 3.800 motion because the sentence is not "illegal." However, we affirm without prejudice to appellant exercising his right to file a petition for writ of mandamus in the trial court if he is not given allowance for his unforfeited gain time after providing the D.O.C. with a copy of this opinion and Smith v. State, 659 So.2d 1222 (Fla. 4th DCA 1995). A petition for mandamus in the trial court is the appropriate remedy to permit the trial court to order the D.O.C. to implement the credit awarded to a criminal defendant pursuant to a sentencing order. See Posey v. Kaplan, 660 So.2d 781 (Fla. 4th DCA 1995).
AFFIRMED.
KLEIN and GROSS, JJ., concur.

ON MOTION FOR REHEARING, REHEARING EN BANC OR FOR CERTIFICATION
PER CURIAM.
We deny the motion for rehearing and rehearing en banc. We grant the motion for certification to the extent that we certify the following question to the supreme court, which question was recently certified by the first district in Slay v. Singletary, 676 So.2d 456 (Fla. 1st DCA 1996):
WHEN A DEFENDANT IS RESENTENCED AFTER VIOLATING THE PROBATIONARY PORTION OF A SPLIT SENTENCE IMPOSED FOR A CRIME OCCURRING PRIOR TO OCTOBER 1, 1989, IS THE SENTENCING COURT'S AWARD OF "CREDIT FOR ALL TIME SERVED ON THIS COUNT IN THE DEPARTMENT OF CORRECTIONS PRIOR TO RESENTENCING" SUFFICIENT TO EFFECT THE AWARD OF CREDIT FOR TIME ACTUALLY SERVED AS WELL AS UNFORFEITED GAIN-TIME TO WHICH AN ENTITLEMENT EXISTS UNDER STATE v. GREEN, 547 So.2d 925 (Fla. 1989)?
KLEIN, STEVENSON and GROSS, JJ., concur.
NOTES
[1] In State v. Green, 547 So.2d 925 (Fla. 1989) the supreme court held that a defendant sentenced for a violation of the probationary portion of a split sentence is entitled to credit for all time served, including earned gain-time. State v. Green applies to all cases where the defendant committed the original offense prior to October 1, 1989, the effective date of the gain time forfeiture provisions of Chapter 89-531, Laws of Florida. See Thomas v. State, 605 So.2d 1286 (Fla. 4th DCA 1992).
[2] In Tripp v. State, 622 So.2d 941, 942 (Fla. 1993), the supreme court clarified Green and held that "credit for time served" includes time actually served and "earned" gain time, but does not include "provisional credits" or "administrative gain time" which is used to alleviate prison overcrowding and is not related to the defendant's satisfactory behavior while in prison.