677 So.2d 75 (1996)
Roger TAYLOR, Appellant,
v.
STATE of Florida, Appellee.
No. 96-1318.
District Court of Appeal of Florida, Fourth District.
July 17, 1996.
Roger Taylor, Opa-Locka, pro se.
Robert A. Butterworth, Attorney General, Tallahassee, and Don M. Rogers, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
Roger Taylor ("Taylor") appeals the trial court's denial of his motion for post-conviction relief pursuant to Florida Rule of Criminal Procedure 3.800(a). We affirm the denial of the 3.800(a) motion, but without prejudice to Taylor exercising his right to file a petition for writ of mandamus against the Department of Corrections ("DOC").
Prior to filing his 3.800(a) motion, Taylor requested that the DOC increase the credit awarded to him for time served in prison. The DOC refused, maintaining that such relief was available only through the court. When Taylor then petitioned the court for increased credit through a 3.800(a) motion, the trial court denied the motion on the basis that it was the Department of Correction's function, not the court's, to calculate credit for time served.
Denial of the 3.800(a) motion was proper. The DOC is lawfully vested with the authority to consider complaints regarding *76 miscalculations of credit for time served. Posey v. Kaplan, 660 So.2d 781 (Fla. 4th DCA 1995); Harvey v. State, 616 So.2d 521 (Fla. 2d DCA 1993). Further, issues regarding credit for time served are not properly the subject of Rule 3.800(a) motions. Sullivan v. State, 674 So.2d 214 (Fla. 4th DCA 1996); see Davis v. State, 661 So.2d 1193 (Fla.1995); State v. Callaway, 658 So.2d 983 (Fla.1995). Thus, the trial court's denial of Taylor's motion must be affirmed.
Nevertheless, Taylor may address his concerns to the trial court in the form of a petition for writ of mandamus. Taylor has once addressed the DOC with his complaint, which the DOC wrongfully refused to entertain; a petition for mandamus is the proper venue for permitting the trial court to compel the DOC to award any credit due. See Smith v. State, ___ So.2d ___, 21 Fla. L. Weekly D851 [1996 WL 165407] (Fla. 4th DCA Apr. 10, 1996); Posey, 660 So.2d at 782.
AFFIRMED.
GUNTHER, C.J., and FARMER and SHAHOOD, JJ., concur.