PER CURIAM.
In this direct criminal appeal, appellant complains that his sentences do not reflect proper credit for time previously served on probation and in either jail or prison. The state' agrees that appellant is entitled to *319 credit for time previously served on probation with regard to the probationary portion of the new split sentence imposed as to count two. E.g., Waters v. State, 662 So.2d 332 (Fla.1995). Accordingly, we vacate the sentence imposed as to count two, and remand with directions that appellant be given credit for all time previously spent on probation.
We also note that, although the trial court orally pronounced a sentence of five years’ incarceration, with no probation to follow, as to count one, the written sentence reflects that the period of incarceration is to be followed by two years on probation. On remand, we direct the trial court to correct this scrivener’s error.
All of appellant’s remaining complaints regarding credit for time previously spent in either jail or prison are properly directed to the Department of Corrections. E.g., Williams v. State, 673 So.2d 873 (Fla. 1st DCA 1996). Accordingly, we affirm as to those complaints.
AFFIRMED IN PART; REVERSED IN PART; and REMANDED, with directions.
MINER, WEBSTER and LAWRENCE, JJ., concur.