692 So.2d 296 (1997)
Wilfred L. KNOX, Appellant,
v.
The STATE of Florida, Appellee.
No. 97-630.
District Court of Appeal of Florida, Third District.
April 30, 1997.
Wilfred L. Knox, in pro. per.
Robert A. Butterworth, Attorney General and Erin E. Dardis, Assistant Attorney General, for appellee.
*297 Before LEVY, GREEN and SHEVIN, JJ.
PER CURIAM.
Appellant appeals the summary denial of his motion made pursuant to Rule 3.800, Fla. R.Crim. P. for the denial of presentence jail credit time. Appellant was sentenced on November 17, 1993 to a year and a day in state prison. Prior to sentencing, he had been incarcerated in the county jail since July 9, 1993. At the time of his sentencing, the trial court awarded appellant fifty-five days credit time. Appellant claims, however, that he was entitled to one hundred and thirty days of pre-sentence jail credit time. Appellant asserts that the department of corrections has failed to acknowledge any of his pre-sentence credit time served.
The state responds to appellant's motion with the argument that appellant must address this issue exclusively with the department of corrections and not with the sentencing court. See Henderson v. State, 632 So.2d 653 (Fla. 5th DCA 1994) (holding award of credit time after sentencing is matter for department of corrections by way of a writ of mandamus). While Henderson does hold that the actual award of credit time after sentencing is a matter for the department of corrections, that is not the issue raised by the appellant. Rather, appellant is seeking to have the trial court award him the correct amount of pre-sentence credit time. Florida Statute section 921.161(1) (1993) provides that "the court imposing a sentence shall allow a defendant credit for all of the time he spent in the county jail before sentence." (emphasis added). Pre-sentence jail time is a matter which is within the purview of the circuit court and the failure of that court to make a proper award affects the validity of the sentence imposed. Henderson, 632 So.2d at 653-54. Furthermore, the failure to award the appropriate credit time is an illegal sentence which may be corrected at any time. Hopping v. State, 650 So.2d 1087 (Fla. 3d DCA 1995).
Therefore based on the foregoing, we remand this cause to the trial court for an appropriate determination of the appellant's pre-sentence credit time.
Remanded with instructions.