PER CURIAM.
We have for review an order of the trial court summarily denying appellant’s motion for post-conviction relief under rule 3.850. Appellant makes three arguments: (1) that a recently propounded DOC incentive gain-time rule, which presumably would render him ineligible for a certain portion of gain-time, is unconstitutional and otherwise illegal; (2) that his attorney was ineffective in advising appellant that he would receive a specific amount of gain-time, thereby inducing appellant to enter a plea to the charges; and (3) that as a result of the foregoing, his plea was involuntary.
Regarding the first argument, the proper remedy to compel an award of gain-time by the DOC is a petition for writ of mandamus filed in the circuit court after administrative procedures through DOC have been exhausted. See King v. State, 665 So.2d 377 (Fla. 4th DCA 1996); Barber v. State, 661 So.2d 355 (Fla. 3d DCA 1995); Newsome v. Singletary, 637 So.2d 9 (Fla. 2d DCA 1994). Appellant’s last two claims are simply without merit because trial counsel could not be deemed ineffective for fading to have anticipated a change in administrative rules three years into the future.
Accordingly, we affirm the trial court’s order denying appellant’s rule 3.850 motion without prejudice to appellant’s ability to file a petition for writ of mandamus in the trial court after he exhausts his administrative remedies.
DELL, WARNER and STEVENSON, JJ., concur.