756 So.2d 257 (2000)
Luis M. AGUILAR, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D99-2782.
District Court of Appeal of Florida, Third District.
May 3, 2000.
Luis M. Aguilar, in proper person.
Robert A. Butterworth, Attorney General, and Lara J. Edelstein (Ft.Lauderdale), for appellee.
Before LEVY and GERSTEN, JJ., and NESBITT, Senior Judge.

On Motion for Clarification Granted
NESBITT, Senior Judge.
The opinion of this Court filed on March 15, 2000, is vacated and this opinion is substituted in its stead.
In this appeal from the denial of a 3.850 motion, defendant argues that he was misadvised by defense counsel regarding gaintime and there is nothing in the record to refute this claim.[1]See State v. Leroux, *258 689 So.2d 235 (Fla.1996)(concluding misrepresentations by counsel as to length of sentence or eligibility for gain time can be basis for postconviction relief in form of leave to withdraw guilty plea). In Skidmore v. State, 688 So.2d 1014 (Fla. 3d DCA 1997), this court held that an attack on the voluntary and intelligent character of the plea is a claim that must be brought by a timely 3.850 motion. While defendant argues he is entitled to a hearing on this issue, there is some question as to whether the point was timely raised.
In Brown v. State, 596 So.2d 1026 (Fla.1992), the Supreme Court concluded that the two year time limitation applicable to Florida Rule of Criminal Procedure 3.850 claims does not bar the enlargement of an issue raised in a timely 3.850 motion. Defendant's plea became final on March 31, 1996, thirty days after his plea was entered. On December 15, 1997, defendant filed a 3.850 motion. That motion was not ruled on, but cited to Leroux, and referred to certain misadvice by defense counsel. On August 18, 1999, defendant filed an "amended" 3.850 motion and raised the issue of misrepresentations by counsel as to eligibility for gain time. Aguilar argues that as an amendment to an already raised issue, the point should be considered timely raised. Viewing the August 18, 1999 motion in this regard, we conclude the matter is not time barred and remand for an evidentiary hearing on this issue.
Accordingly, the cause is reversed and remanded for the limited purpose of consideration of defendant's claim of misrepresentations by counsel as to length of sentence and eligibility for gain time. As to the other issues raised, we find them without merit.[2]
NOTES
[1] The court reporter has executed an affidavit stating that there is no stenographic notes for
[2] As to any claim that defendant did not receive the gaintime awarded in the court's order, this is not a proper subject for a postconviction proceeding; defendant's proper course would be to address that problem through administrative hearing, or if necessary, through mandamus proceeding. See e.g. Bland v. State, 664 So.2d 35 (Fla. 5th DCA 1995); Bowles v. State, 647 So.2d 1056 (Fla. 5th DCA 1994).