775 So.2d 402 (2000)
Eric G. BEDFORD, Appellant,
v.
STATE of Florida, Appellee.
No. 4D00-3786.
District Court of Appeal of Florida, Fourth District.
December 27, 2000.
Eric G. Bedford, Lawtey, pro se.
Robert A. Butterworth, Attorney General, and Bart Schneider, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
Eric G. Bedford appeals an order from the Palm Beach County circuit court, summarily denying his motion for postconviction relief filed pursuant to rule 3.850, Florida Rules of Criminal Procedure. We reverse and remand.
Appellant entered into a negotiated plea agreement in three pending criminal prosecutions and was sentenced to concurrent sentences of thirty-six months imprisonment with jail credit of 491 days in each case. Upon his incarceration, Appellant learned that the Department of Corrections ("Department") awarded him only 176 days credit on two sentences and ten days credit on the third. He pursued his administrative remedies with the Department but was unsuccessful. Appellant then filed a Motion to Enforce Plea Agreement in the trial court, which the court summarily denied. Appellant thereafter filed a rule 3.850 motion claiming that because the trial court summarily denied his motion, his guilty plea was now rendered involuntary.
Appellant should have filed a mandamus petition to have the Department honor the amount of jail credit awarded in each of his sentences. See Smith v. State, 682 So.2d 147, 149 (Fla. 4th DCA 1996)("A petition for mandamus in the trial court is the appropriate remedy to permit the trial court to order the Department to implement the credit awarded to a criminal defendant pursuant to a sentencing order."), review dismissed, 689 So.2d 1071 (Fla.1997) and Department of Corrections v. Mattress, 686 So.2d 740 (Fla. 5th DCA 1997)(holding that when pursuing a claim that the Department of Corrections improperly forfeited gain time, the defendant must first attempt to seek relief through administrative channels, and then, falling that, through a petition for writ of mandamus naming the Department as a respondent.) We hold that the trial court should have redesignated appellant's motion for 3.850 relief as a petition for writ of mandamus.
*403 Accordingly, we reverse and remand with instructions that the circuit court treat Appellant's rule 3.850 motion as a petition for writ of mandamus seeking to compel the Department to award 491 days of jail credit against each of his sentences.
WARNER, C.J., DELL and GUNTHER, JJ., concur.