PARKER, Acting Chief Judge.
Terrence D. Denmark appeals from the summary denial of his motion for postcon-viction relief filed pursuant to Florida Rule *656 of Criminal Procedure 3.850. We reverse and remand for the trial court to consider the merits of Denmark’s claim.
Denmark filed a motion for postconviction relief challenging his convictions after he had entered guilty pleas in two cases in 1992. His motion, which was filed on May 17, 2001, attached a memorandum of law in support of his motion which failed to contain an oath or verification clause stating that the facts contained in the memorandum were true and correct. The trial court entered an order permitting Denmark’s motion to remain for consideration but struck the memorandum of law without prejudice to Denmark’s right to refile the memorandum with a proper oath within thirty days.
On August 3, 2001, Denmark resubmitted his motion. On August 15, 2001, the trial court entered an order denying Denmark’s motion for postconviction relief. In its order, the trial court found that Denmark’s motion was filed pursuant to Wood v. State, 750 So.2d 592 (Fla.1999), and that Wood’s two-year window for relief expired May 27, 2001; thus, the trial court denied the motion as untimely.
In Aguilar v. State, 756 So.2d 257 (Fla. 3d DCA 2000), the Third District addressed the timeliness of an amended motion for postconviction relief. The court concluded that the amended motion, so long as it related back to an issue already raised, gained the benefit of the date of the original motion and was not time barred. Based upon Aguilar, we reverse and remand this case to the trial court to consider the merits of Denmark’s motion.
Reversed and remanded.
CASANUEYA and STRINGER, JJ„ Concur.