892 So.2d 545 (2005)
Daniel Ricardo SALAZAR, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D03-2172.
District Court of Appeal of Florida, Third District.
January 26, 2005.
*546 Bennett H. Brummer, Public Defender, and Roy A. Heimlich, Assistant Public Defender, for appellant.
Charles J. Crist, Jr., Attorney General, and Jill K. Traina, Assistant Attorney General, for appellee.
Before COPE, GREEN and CORTIÑAS, JJ.

On Rehearing and Clarification Granted
PER CURIAM.
On consideration of the motion of the State for clarification and the motion of defendant-appellant Daniel Ricardo Salazar for rehearing, we withdraw the opinion dated April 14, 2004 and substitute the following opinion.
The defendant appeals an order denying his motion to define or clarify sentence, which we treat as a motion for postconviction relief. We affirm in part and reverse in part.
The State concedes that there is a sentencing error on count two, aggravated assault with a firearm, but the parties disagree on how to interpret the sentencing transcript. We conclude that the defendant's reading of the sentencing transcript is correct. On count two, the trial court's oral pronouncement was for a three-year mandatory minimum sentence, to be concurrent with the ten-year mandatory minimum sentence on count one. See § 775.087(2)(a)1., Fla. Stat. (1999). Thus the ten year sentence must be deleted from count two, leaving the three-year mandatory minimum sentence intact.
The State also acknowledges that count four, unlawful possession of a firearm while engaged in a criminal offense, id. 790.07(2), is subsumed within count one, aggravated battery with a firearm. Thus, the conviction and sentence on count four must be vacated. See Grene v. State, 702 So.2d 510, 511-12 (Fla. 3d DCA 1997) (en banc).
The State concedes that count three, battery, is subsumed within count one, aggravated battery with a firearm. Thus, the conviction and sentence on count three must be vacated. See id.; see also M.T. v. State, 699 So.2d 349 (Fla. 3d DCA 1997); Laines v. State, 662 So.2d 1248, 1249 (Fla. 3d DCA 1995), receded from on other grounds, Grene v. State, 702 So.2d at 511-12.
As to the foregoing issues, we remand for correction of the judgment and sentencing orders. The defendant need not be present.
The defendant next contends that he has not been granted twenty days of *547 post-sentencing credit. The defendant states that twenty days elapsed between the date of his sentencing in Miami-Dade County Circuit Court and the date he arrived at the Florida Department of Corrections. By statute, the county jail is required to deliver a certificate to the Department of Corrections certifying the date sentence was imposed, the date the prisoner was delivered to the Department, and the post-sentencing dates the defendant was at liberty, if any. See 921.161, Fla. Stat. (1999).
If an inmate believes that the Department has not granted correct credit in accordance with the section 921.161 jail certificate, then the inmate must seek relief through the inmate grievance procedure. Lucio v. State, 673 So.2d 195 (Fla. 3d DCA 1996); Barber v. State, 661 So.2d 355, 356 (Fla. 3d DCA 1995).
After exhausting available remedies through the inmate grievance procedure, if the inmate believes that the Departments ruling was incorrect, the inmate may then file a petition for writ of mandamus directed to the Department of Corrections. Barber, 661 So.2d at 356. Venue for such a proceeding is in the Circuit Court for the Second Judicial Circuit, in Tallahassee, Leon County, Florida. Id. at 356 n. 2. We therefore affirm the trial courts order denying relief on this point, without prejudice to the defendant to avail himself of the remedies outlined in Barber.
Affirmed in part, reversed in part, and remanded for further proceedings consistent herewith.