BLACK, Judge.
The estate of Charles Henry Warner challenges a February 26, 2010, order denying its petition for alternative writ of mandamus. The estate filed the petition as a result of the Lee County Clerk of Court’s denial of its request for payment of excess funds resulting from a tax deed sale of real property. Because we conclude that the estate has an available remedy at law, we affirm the trial court’s denial of the petition.
“ ‘A party petitioning for a writ of mandamus must establish a clear legal right to performance of the act requested, an indisputable legal duty, and no adequate remedy at law.’ ” Radford, v. Brock, 914 So.2d 1066, 1067 (Fla. 2d DCA 2005) (quoting Smith v. State, 696 So.2d 814, 815 (Fla. 2d DCA 1997)). “ ‘When a trial court receives a petition for writ of mandamus, its initial task is assessing the petition to determine whether it is facially sufficient. If it is not facially sufficient, the court may dismiss the petition.’ ” Id. at 1067-68 (quoting Davis v. State, 861 So.2d 1214, 1215 (Fla. 2d DCA 2003)). However, “[i]f the petition is facially sufficient, the court must issue an alternative . writ of mandamus requiring the respondent to show cause why the writ should not be issued.” Id. at 1068 (citing Moore v. Ake, 693 So.2d 697, 698 (Fla. 2d DCA 1997); Conner v. Mid-Florida Growers, Inc., 541 So.2d 1252, 1256 (Fla. 2d DCA 1989)).
On September 23, 2008, the estate filed its petition for alternative writ of mandamus with the circuit court. The petition sought- to h.ave Lee County perform the ministerial duty of issuing a check to the estate, pursuant to a March 18, 2008, ancillary summary administration order of the probate court. On February 26, 2010, the circuit court denied the petition. Although the court denied the petition on the merits, it noted that the estate failed to allege that it had no other adequate legal remedy.
Pursuant to the statutes governing disbursement of excess funds from tax deed sales, sections 197.582 and 197.473, Florida Statutes (2008), the money retained by the clerk for the benefit of a decedent is the personal property of the decedent, and an asset of the estate, payable to the personal representative of the estate. See Fla. Admin. Code R. 12D-13.065(8); Op. Att’y Gen. Fla. 84-59 (1984). Thus, the personal representative of the estate may file a civil lawsuit seeking return of personal property. See Bronson v. Bd. of Cnty. Comm’rs of Brevard Cnty., 394 So.2d 575, 576 (Fla. 5th DCA 1981). The personal representative of Mr. Warner’s estate still has time to file such a lawsuit. See § 95.11(3)(i), Fla. Stat. (2008).
Without discussing whether the circuit court correctly interpreted the law at issue, because the estate’s petition was facially insufficient in that it failed to allege the estate had no other adequate legal remedy — and because the petition could *989 not be amended to establish no other adequate legal remedy — we affirm the circuit court’s denial. See Dade Cnty. Sch. Bd. v. Radio Station WQBA, 731 So.2d 638, 644 (Fla.1999). However, we note that in denying the estate’s facially insufficient petition on its merits, the circuit court exceeded its authority. Therefore, the court’s ruling on the substantive law is not binding and is to be given no effect in any future proceedings. Cf. Reynolds v. State, 590 So.2d 1043, 1044 (Fla. 1st DCA 1991) (“The court’s ruling on the merits is to be accorded no binding force or effect, as the appellant did not properly invoke the court’s authority to consider the merits of the claim.”).
ALTENBERND and LaROSE, JJ., Concur.