ON MOTION FOR REHEARING

WELLS, Chief Judge.
On consideration of the motion for rehearing, we withdraw this court’s prior *1055 order denying Wiggins’ petition for writ of certiorari and substitute the following opinion in its place. For the reasons set forth below, we grant the petition and remand with instructions that the trial court transfer this case to the Circuit Court for the Second Judicial Circuit in Leon County, Florida.
Where, as here, an inmate claims that the Department failed to provide him the correct credit for jail time served in the county jail after the imposition of sentence, and prior to being transferred to the custody of the Department, he must seek relief through the inmate grievance procedure set forth in section 921.161 of the Florida Statutes. See Salazar v. State, 892 So.2d 545, 547 (Fla. 3d DCA 2005). Upon exhausting his administrative remedies, “if the inmate believes that the Department[’]s ruling was incorrect, the inmate may then file a petition for writ of mandamus directed to the Department of Corrections.” Id.; see also Bush v. State, 945 So.2d 1207, 1210 (Fla.2006) (footnotes omitted) (“When challenging a sentence-reducing credit determination by the Department ... once a prisoner has exhausted administrative remedies, he or she generally may seek relief in an original proceeding filed in circuit court as an extraordinary writ petition. In such a case, ... if the prisoner does not allege entitlement to immediate release, a petition for writ of mandamus is the proper remedy.”). Venue for the mandamus proceeding is in the Circuit Court for the Second Judicial Circuit in Leon County, where the Department of Corrections has its headquarters. See Bush, 945 So.2d at 1212-13; Salazar, 892 So.2d at 547.
Here, upon allegedly exhausting his administrative remedies provided through the inmate grievance procedure, Wiggins filed a petition for writ of mandamus against the Department of Corrections in the Circuit Court for the Eleventh Judicial Circuit in Miami-Dade County. Instead of transferring the matter to the Leon County circuit court as it should have done, see Bush, 945 So.2d at 1214; Hartley v. McNeil, 52 So.3d 690 (Fla. 4th DCA 2010), the trial court erroneously treated the mandamus petition as a “Pro Se Motion for Clarification of Sentence” filed against the State of Florida and thereafter entered an “Order Clarifying Judgment and Sentence.”
We therefore grant the petition for writ of certiorari, quash the “Order Clarifying Judgment and Sentence” and remand this case with instructions that it be transferred to the Circuit Court for the Second Judicial Circuit in Leon County for further proceedings.