LAMBERT, J.
Zackery Martin appeals the denial of his Florida Rule of Criminal Procedure 3.800(a) motion to correct his sentence. *54 Martin was sentenced to serve 12 years in the Department of Corrections (“DOC”) for conspiracy to traffic in cocaine and was awarded 755 days of jail credit. His sentence was ordered to run concurrently with a federal prison sentence he was serving. Martin finished serving his federal sentence and was transferred to the Dade County jail, but was inadvertently released before completing his state sentence. Martin remained out of custody for 306 days until rearrested.
In his 8.800(a) motion, Martin does not contest the legality of his initial sentence. Rather, he claims that the DOC is not properly awarding him jail credit for the 306 days he was out of custody through no fault of his own and for the remaining time he served on his concurrent federal sentence.
Martin’s request for credit after sentencing does not impact the legality of the sentence that has been imposed, and thus is not a proper claim under rule 3.800(a). Reynolds v. State, 590 So.2d 1043, 1044 (Fla. 1st DCA 1991). His entitlement to relief, if any, is properly sought through administrative proceedings and, if neces.sary, by filing a petition for writ of mandamus in the appropriate circuit court, naming the DOC as respondent. Williams v. State, 673 So.2d 873-74 (Fla. 1st DCA 1996) (citing Barber v. State, 661 So.2d 355 (Fla. 3d DCA 1995); Bowles v. State, 647 So.2d 1056 (Fla. 5th DCA 1994)). Under the circumstances, our affirmance is without prejudice to Martin seeking an appropriate remedy.
AFFIRMED.
ORFINGER and BERGER, JJ., concur.