THORNAL, Justice.
Appellant was an intervening taxpayer in a bond validation proceeding which resulted in a decree validating an issue' of municipal off-street parking facilities bonds. See Lynn v. City of Fort Lauderdale, Fla. 1955, 81 So.2d 511.
In our opinion in this case, last cited we affirmed the validating decree which was entered on April 22, 1955. Our mandate was filed July 5, 1955. On July 19, 1955, the trial judge entered a supplemental final decree, which in effect amended the original final decree. The supplemental decree was based upon a resolution of the City Council of ■ the City of Fort Lauderdale, adopted June 21,1955, which made corrections in the original bond resolution which corrections did nothing more than amend certain dates with reference to the redemption of the bonds. It corrected certain typographical errors and described by meets and bounds a parcel of land otherwise described in the original resolution. It added a provision consistent with our opinion to the effect that no property could be purchased with the proceeds of the sale of the bonds unless such property was intended for use for off-street parking facilities..
Appellant Test filed a petition contesting the right of the City to have the supplemental decree entered. All parties to the original appeal were duly served with notice of the application for the entry of the supplemental decree. None of them objected save Test. The trial judge entered the supplemental decree validating the bonds in accordance with the original resolution, as amended by the resolution of June 21, 1955. Appellant now seeks reversal of the supplemental decree.
Although numerous points are raised, the only one worthy of consideration is the contention that the trial judge was *589 without authority to enter the supplemental decree. We find no merit to this contention. The supplemental decree was entered during the same term of the trial court as the original decree after the mandate of this court had been lodged in the court below. See Section 26.36, Florida Statutes, F.S.A.
In Hendry v. Lewis, Fla.1952, 59 So.2d 854, 855, we held:
“ ‘Courts have absolute authority and control over their own orders, decrees, and judgments, and can vacate, amend, or reform at any time during the term of Court at which they are made.’ ”
See also Revell v. Dishong, 129 Fla. 9, 175 So. 905. For limitations on the foregoing rule see Lewis v. Jennings, Fla., 64 So.2d 275; 15 R.C.L. 688, Sec. 140.
In State v. Florida State Turnpike Authority, Fla.1955, 80 So.2d 337, 341, we held that a resolution adopted subsequent to publication of notice pursuant to the filing of a bond validation petition which changed in some measure the location of the South Florida Turnpike as announced in the original resolution adopted prior to the filing of the petition would not require the institution of a new bond validation proceeding. We there stated:
“ * * * The basic factor of power was unchanged. We do not accept the view that one who was satisfied with the first location could successfully urge his dissatisfaction with the second as a ground(s) [sic] for disturbing the power of the court to adjudicate the validity of the bonds.” ,
As pointed out in the case last cited, we find in the case at bar that the basic power of the trial court below to enter a supplemental decree was unchanged. It was consistent with the opinion and mandate of this court. All parties to the original appeal were properly before the court on the hearing for the supplemental decree. The public was represented by the State Attorney as it was when the original decree was entered. The changes that were made in the original bond resolution were either clerical corrections or of such nature that they did not in any measure affect either the validity of the bond issue or the authority of the court to amend the original final decree.
 Although the supplemental decree is described as a “supplemental final decree and order nunc pro tunc”, it is considered by us to have been a supplemental final decree. An order nunc' pro tunc is to correct a prior decree and is based upon matters that .were before the court but which were not covered by the prior decree through some oversight or error.
Finding no error the decree appealed from is—
Affirmed.
DREW, C. J., TERRELL, J., and PRUNTY, Associate Justice, concur.