357 So.2d 425 (1978)
Hon. Morton L. PERRY, As One of the Judges of the County Court in and for Dade County, Florida, Appellant,
v.
The STATE of Florida ex rel. James Terry Mills and Tricia Ann Gilbert, Appellees.
No. 77-299.
District Court of Appeal of Florida, Third District.
March 21, 1978.
Rehearing Denied May 2, 1978.
*426 Janet Reno, State's Atty., and Paul M. Rashkind, Asst. State's Atty., for appellant.
Richard G. Taylor, Miami, for appellees.
Before HAVERFIELD, C.J., and NATHAN and HUBBART, JJ.
PER CURIAM.
This is an appeal by Morton L. Perry, judge of the county court for Dade County, from a rule absolute in prohibition, prohibiting him from exercising any further jurisdiction in two county court cases involving defendants James Terry Mills and Tricia Ann Gilbert. The rule, which was issued following an evidentiary hearing by the circuit judge sitting in his appellate capacity, contains lengthy findings of fact and conclusions of law, including the following:
On May 19, 1976, in a non-jury trial before Judge Perry, Mills was tried and convicted of maintaining a house of prostitution and operating a massage establishment without a registered masseur or masseuse, and Gilbert was tried and convicted of prostitution and the unlawful practice of massage without a certificate of registration. Mills was sentenced to a fine of $500.00 and a term of 45 days in the county jail, and Gilbert, was sentenced to a fine of $200.00 and 20 days in the county jail. Both defendants received a stay of execution and filed motions for mitigation which were denied.
At a later time, it appeared that the bench dockets in the Mills and Gilbert cases had been changed. On Mills' bench docket, he was sentenced to 45 days in jail, but thereafter the word "and" is crossed out and the word "or" inserted, "pay a fine of $500.00." The bench docket in the Gilbert file provides for a jail term of 20 days and again, the word "and" is crossed out and the word "or" inserted, "pay a fine of $200.00." On October 20, 1976, defense counsel paid his clients' fines and was advised by the clerk of the court that the cases were closed.
On January 7, 1977, however, Judge Perry sent a letter to defense counsel ordering that the defendants be produced in court on January 12, 1977, for the purpose of having them begin serving the jail terms to which he sentenced them. Defense counsel filed a petition in the circuit court for a writ of habeas corpus or alternative remedies, and an evidentiary hearing was held. A deputy clerk of the county court testified that there was a discrepancy between the defendants' commitment orders, judgment and sentence on the reverse side of the arrest forms and the bench dockets, and that he was unable to explain the discrepancy. At the conclusion of the hearing, the circuit judge found that the letter of January 7, 1977, could only be construed as a request to present the defendants before the court for the purpose of clarifying the sentence, and that Florida Rule of Criminal Procedure 3.800, providing for correcting sentences, expressly states that such correction must be made "... within sixty days after such imposition ..." A rule absolute in prohibition was issued on the ground that the last official action before Judge Perry being on October 22, 1976, and the defendants not having been incarcerated within sixty days, therefore, pursuant to Rule 3.800, Judge Perry lost jurisdiction to correct or clarify the sentences. We disagree and reverse.
*427 Rule 3.800 of the Florida Rules of Criminal Procedure, entitled "Correction and Reduction of Sentences," provides,
"(a) A court may at any time correct an illegal sentence imposed by it.
(b) A court may reduce a legal sentence imposed by it... within sixty days after such imposition ..."
As the Rule, by its plain language, refers to correcting an illegal sentence, or reducing (mitigating) a legal sentence, we find that it has no application in this case, wherein there was an alteration of sentences, which the trial judge denies having made. Judge Perry was neither correcting an illegal sentence nor reducing a legal sentence, but rather, he was attempting to execute the original and only sentence he rendered in the Mills and Gilbert cases. Generally, a court of record may, even after the term has expired, correct clerical mistakes in its own judgments and records. Boggs v. Wainwright, 223 So.2d 316 (Fla. 1969).
Therefore, we hold that Rule 3.800 was misapplied in this case, and that Judge Perry has full jurisdiction to execute the sentences he imposed. In light of the foregoing, the other point raised on appeal will not be discussed.
Reversed.