489 So.2d 1236 (1986)
Scott CARSON, Appellant,
v.
STATE of Florida, Appellee.
No. 85-1844.
District Court of Appeal of Florida, Second District.
June 13, 1986.
*1237 James Marion Moorman, Public Defender, and D.P. Chanco, Asst. Public Defender, Bartow, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Ann Garrison Paschall, Asst. Atty. Gen., Tampa, for appellee.
PER CURIAM.
Appellant, Scott Carson, appeals from an amended judgment and sentence. We affirm in part and reverse in part.
Appellant was charged on April 30, 1981, with burglary, a violation of section 810.02(3), Florida Statutes (1981). He entered a plea of guilty and on January 28, 1982, was placed on probation for three years. An affidavit charging him with violating two conditions of probation was subsequently filed on August 27, 1984. Appellant admitted the violations, his probation was revoked, and he was adjudicated guilty of the underlying offense of burglary. Appellant was sentenced on January 14, 1985, to thirty months imprisonment with credit for time served. This sentence was to run concurrently with appellant's sentence for a pending violation of parole charge. It appears that appellant served two months of the sentence and was discharged.
On May 16, 1985, the state filed a motion to correct appellant's sentence to reflect the correct amount of credit for time served. At a hearing held on the motion it was revealed that appellant had been erroneously discharged because the sheriff's office had erred in calculating credit for time served. Appellant had received 546 days of credit when he should have received 173 days. The court granted the state's motion and issued an amended sentence, nunc pro tunc, January 14, 1985. This appeal timely followed.
Appellant contends that the trial court erroneously increased his sentence after he had already been discharged. He argues that under Florida Rule of Criminal Procedure 3.800, a court may reduce or modify a sentence imposed by it within sixty days after imposition, but may not increase the sentence. Here, the court allegedly not only erred by increasing the sentence, but the motion to correct sentence was untimely because it was not filed within the sixtyday period.
*1238 We find, however, that rule 3.800 has no application to this case, because the trial court was neither correcting an illegal sentence nor reducing a legal sentence, but was attempting to execute the original sentence it had ordered. Perry v. State, 357 So.2d 425 (Fla. 3d DCA 1978). A court may correct clerical mistakes in its own judgments and records, nunc pro tunc, even after the term of court has expired, and such corrections generally relate back and take effect as of the date of judgment. Boggs v. Wainwright, 223 So.2d 316 (Fla. 1969); Perry. The trial court orally sentenced appellant to thirty months incarceration, "with credit for time served." It therefore did not err in correcting the clerical error that caused this credit to be reflected as 546 days.
When a prisoner is released or discharged from prison by mistake, he may be recommitted if his sentence would not have expired had he remained in confinement. Green v. Christiansen, 732 F.2d 1397 (9th Cir.1984); White v. Pearlman, 42 F.2d 788 (10th Cir.1930); see also, State v. Coleman, 149 Fla. 28, 5 So.2d 60 (1941). Unless interrupted by violation of parole or some fault of the prisoner, the sentence continues to run while the prisoner is at liberty, and the prisoner's sentence must be credited with that time. Green; White; see also, Coleman. Therefore, although the trial court did not err in ordering appellant reimprisoned because his sentence had not expired, appellant must receive credit for the time he has been at liberty. We, accordingly, remand with instructions to credit appellant for the time he has been at liberty in addition to the time he has served.
Reversed and remanded.
CAMPBELL, A.C.J., and SCHOONOVER and SANDERLIN, JJ., concur.