531 So.2d 1009 (1988)
Sherrell C. SUTTON, Appellant,
v.
DEPARTMENT OF CORRECTIONS and Parole and Probation Commission, Appellees.
Nos. 87-1371, 87-1724.
District Court of Appeal of Florida, First District.
September 27, 1988.
Rehearing Denied October 25, 1988.
Sherrell C. Sutton, pro se.
Robert A. Butterworth, Atty. Gen., and Susan A. Maher, Asst. Atty. Gen., for appellees.
MILLS, Judge.
Sherrell C. Sutton appeals that portion of the trial court's order denying his petition for writ of mandamus. The Department of Corrections (DOC) cross-appeals the requirement in that order that Sutton be afforded a hearing. We affirm the order, save for the modification stated below.
In July 1981, shortly after his incarceration for robbery, Sutton was informed by DOC that he was being released. Sutton and DOC agree that he was taken to the bus station by correctional personnel. DOC contends that Sutton fled the station when officials discovered their mistake, Sutton stated that he simply got on the bus officials told him to take. In any case, Sutton remained at liberty for 183 days until his arrest on other charges in January 1982.
When a prisoner is released from prison by mistake, his sentence continues to run in the absence of some fault on his part. Carson v. State, 489 So.2d 1236 (Fla. 2d DCA 1986). Based on its contention that Sutton "escaped", DOC has refused to deduct the 183 days he spent at liberty from his sentence. Further, while never charging or obtaining a conviction for escape, DOC has noted in its records that Sutton escaped in July 1981 so that that action has been counted against him by the Parole and Probation Commission in calculating his presumptive parole release date.
The instant mandamus petition sought the deduction of 183 days from Sutton's sentence and the expungement from his records of any reference to an escape in July 1981 so that his parole date might be recalculated without that factor. The trial court entered its order requiring *1010 DOC to afford Sutton an evidentiary hearing on the issue of the exact events of the day Sutton left DOC custody. The order went on to state that, if the hearing showed that Sutton had not escaped, or if DOC failed to afford such a hearing, Sutton's records were to be expunged of references to "escape." The trial court denied outright Sutton's claim for credit for the time he spent at liberty.
With regard to the trial court's requirement that DOC conduct a hearing on the basic factual issue of the case, that is, whether an "escape" occurred in July 1981, DOC cites no law to support its contention that the trial court exceeded its authority in establishing that requirement. Regarding the type of hearing to be provided, the trial court outlined no specific procedure that DOC must follow. If the incorrect proceeding or procedures are employed, that is a situation which can be reviewed after the fact.
However, with regard to the trial court's outright denial of Sutton's claim to credit for the time he spent at liberty, we amend the final order so that the denial is contingent on the outcome of the hearing or on DOC's failure to provide one, just as the deletion of escape references is contingent thereon. If the outcome of the hearing is that Sutton's release was through no fault of his own, it is clear he would be entitled to credit for the time spent at liberty. Carson, supra.
With the foregoing modification, we affirm.
SMITH, C.J., and NIMMONS, J., concur.