PATTERSON, Judge.
This is an appeal from an order modifying an injunction against Naomi Williamson. The litigation arose when Geneva, Inc. sought to enjoin Williamson from using a customer list she had obtained while in Geneva’s employ. The trial court granted a temporary injunction, which became the subject of a series of orders culminating in the one we now consider.
The sequence of events began on November 5, 1987. On that date the trial court heard Geneva’s motion for temporary injunction and agreed to grant it, conditioned upon the payment of a $500.00 bond. Because the order would have to specify the customers affected, the court suggested that Geneva submit a list and that another hearing be held to determine the scope of the injunction. Geneva complied, and at a second hearing held on January 4,1988, the court substantially modified the list Geneva provided.
On January 12, 1988, the trial court formally entered the injunction and set forth the bond requirement. The injunction provided:
This order is conditioned upon the posting of a bond in the amount of $500.00 which shall be contingent upon payment by Plaintiff of any damages that may be incurred by the Defendants, should it be determined that the temporary restraining order was wrongfully issued.
This order was entered “nunc pro tunc” to November 5, 1987.
Based upon an alleged violation of this order, Geneva moved for contempt. However, at the contempt hearing, Geneva admitted that it had not posted the required bond. On May 2, 1988, the trial court entered an order finding that the injunction was not effective absent the bond and denying the motion for contempt.
Geneva then filed an amended motion for contempt which was heard on July 5, 1988. At this hearing Geneva alleged payment of the bond and raised the issue of the effective date of the injunction. The trial court found that Geneva’s payment of the bond rendered the injunction effective from the date of the first hearing, November 5, 1987. On August 23, 1988, it entered another “nunc pro tunc” order stating:
2) The Order granting Temporary In-junctive Relief entered by the court November 5, 1987, is deemed effective from that date forward in that the Defendant has posted the Five Hundred Dollar ($500.00) bond set by the Court that date, and as provided in its written order dated January 12, 1988.
3) Plaintiff's Motion for Contempt can be set for hearing after proper notice to opposing counsel.
*10 Williamson’s appeal, taken pursuant to Florida Rule of Appellate Procedure 9.130(a)(3)(B), timely followed.
These facts present three issues for our review: whether the orders were appropriately entered nunc pro tunc; if not, then whether the court’s pronouncements of November 5 sufficiently complied with the requirements for an injunction; and whether an injunction can be given retroactive effect following the belated posting of bond. We answer all three questions in the negative.
According to Black’s Law Dictionary 964 (5th Ed.1979), “nunc pro tunc” is:
A phrase applied to acts allowed to be done after the time when they should be done, with a retroactive effect, i.e., with the same effect as if regularly done. Nunc pro tunc entry is an entry made now of something actually previously done to have effect of former date; office being not to supply omitted action, but to supply omission in record of action really had but omitted through inadvertence or mistake.
(Citing Seabolt v. State, 357 P.2d 1014 (Okla.Crim.App.1960)). The orders termed nunc pro tunc by the trial court did not supply something omitted from the record through inadvertence or mistake. Rather, they added new material to the substance of the earlier proceedings.
In Test v. State, 87 So.2d 587 (Fla.1956), the supreme court distinguished orders nunc pro tunc from orders supplementing prior judicial acts. The trial judge in Test entered an order amending an original final decree to conform with corrections made in a bond resolution which the original decree had validated. The changes in the resolution were made following the entry of the first order and were either clerical corrections or of such a nature that the validity of the bond issue was unaffected. The supreme court concluded that the lower court’s order was a supplemental final decree and not an order nunc pro tunc, saying: “An order nunc pro tunc is to correct a prior decree and is based upon matters that were before the court but which were not covered by the prior decree through some oversight or error.” 87 So.2d 587.
We addressed the appropriate use of orders nunc pro tunc to correct errors in Carson v. State, 489 So.2d 1236 (Fla. 2d DCA 1986). The sheriff’s office mistakenly credited Carson with 546 days of jail credit when he was due only 173 days. Because of this Carson was discharged after having served only two months of a thirty-month sentence. When the error was discovered the trial court granted the state’s motion to correct the sentence and issued an amended sentence nunc pro tunc.
The defendant appealed, contending that the trial court's action violated Rule 3.800, Florida Rules of Criminal Procedure by increasing his sentence and that the state’s motion to correct sentence was untimely. This court, however, found that rule 3.800 did not apply to the case because the trial court was neither correcting an illegal sentence nor reducing a legal sentence, but was attempting to execute the original sentence it had ordered. We said:
A court may correct clerical mistakes in its own judgments and records, nunc pro tunc, even after the term of court has expired, and such corrections generally relate back and take effect as of the date of judgment.... The trial court orally sentenced appellant to thirty months incarceration, “with credit for time served.” It therefore did not err in correcting the clerical error that caused this credit to be reflected as 546 days.
489 So.2d at 1238. The trial court in Carson appropriately corrected the clerical error by order nunc pro tunc because the mistake was made in implementing the original order. In Test the original order was accurate when made. Therefore, changes had to be made by supplemental decree and not by order nunc pro tunc.
To summarize, an order nunc pro tunc is appropriate only when the record of the original proceedings is inaccurate or incomplete. Test, 87 So.2d 587; Carson, 489 So.2d 1236; see Whack v. Seminole Memorial Hospital, 456 So.2d 561 (Fla. 5th DCA 1984) (nunc pro tunc order entered after recusal represented only the ministe *11 rial act of recording a previously entered oral pronouncement). In this case, the trial court did not specify the customers from whom Williamson was enjoined at the November 5 hearing. Because the list was not final until January 12, 1988, it is inappropriate to enjoin Williamson nunc pro tunc to an earlier date.
For the same reason, the proceedings on November 5 failed to meet the requirements for the entry of an injunction. Florida Rule of Civil Procedure 1.610, which governs the entry of such orders, provides in section (c) that every injunction shall describe in reasonable detail the act or acts restrained. The need for specificity is illustrated by the fact that the initial list of customers affected was reduced by the January 12 order. As of November .5, Geneva had submitted nothing from which Williamson could determine the scope of the injunction.
Although the list of customers provided in the order of January 12 rendered the injunction otherwise sufficient, it was ineffective because Geneva failed to post the bond upon which it was conditioned. After Geneva paid the bond on April 28, the trial court reinstated the injunction retroactively. We find this was improper.
The same rule which governs the entry of injunctions also sets forth Florida’s injunction bond requirement. It provides:
(b) Bond. No temporary injunction shall be entered unless a bond is given by the movant in an amount the court deems proper, conditioned for the payment of costs and damages sustained by the adverse party if the adverse party is wrongfully enjoined....
Rule 1.610(b), Fla.R.Civ.P. Where the court’s temporary injunction is specifically conditioned upon the posting of a bond, in effect there is no injunction until the bond is posted. The posting of the bond gives rise to an injunction effective from that date forward and not from the date the order was signed. The injunction in this case became effective when bond was posted on April 28, 1988, and is of no force or effect before that date.
We therefore reverse the order of August 23, 1988, and remand for proceedings consistent with this opinion.
LEHAN, A.C.J., and PARKER, J., concur.