PER CURIAM.
Evelio DelToro appeals the summary denial of his “motion to allow credit for county jail time,” which we construe as a mo- . tion to correct sentence. We affirm.
DelToro is serving a 17-year sentence for drug trafficking. Prior to sentencing he served 330 days in county jail, for which he was given credit. However, he also claims to have earned 246 days of “trusty gain time” due to services rendered while a county prisoner. Apparently drawing analogy to State v. Green, 547 So.2d 925 (Fla.1989), he would like this additional credit applied against his sentence.
While section 951.21, Florida Statutes (1989), authorizes awards of gain time to county prisoners, we believe the statute is intended to apply only to county jail sentences, and not to pretrial detainees such as DelToro who ultimately are transferred to the custody of the Department of Corrections. Commutation of time under section 951.21 is to be granted by the local board of county commissioners; we can find no authority, and DelToro suggests none, making their recommendations binding upon the Department. In fact, one of DelToro’s own exhibits, a letter from jail personnel expressing their “hope” that the Department will recognize DelToro’s contributions while a jail trusty, supports our conclusion that such an award would be at best discretionary.
Affirmed.
SCHOONOVER, C.J., and RYDER and DANAHY, JJ., concur.