613 So.2d 496 (1993)
Richard C. GASTON, Appellant,
v.
STATE of Florida, Appellee.
No. 92-03604.
District Court of Appeal of Florida, Second District.
January 6, 1993.
Rehearing Denied February 22, 1993.
*497 Susan A. Maher, for State.
Susan Hartmann, Bradenton, for defendant.
PER CURIAM.
Richard Gaston appeals an order of the circuit court entered after final judgment in Gaston's felony criminal case. Finding that the court was without jurisdiction to enter the order in question, we reverse.
In August, 1991, Gaston's attorney and an assistant state attorney signed, and the circuit court approved, a "stipulation to credit defendant for time served." That order, rendered September 3, 1991, recognized a total of 55 days' gain time awarded during Gaston's incarceration in the Manatee County Jail. See § 951.21, Fla. Stat. (1991).
Gaston later wrote a letter informing the circuit court that the Department of Corrections "has decided to outright disobey your court order." The Department explained that it, not the court, has the sole authority to award gain time to state prisoners. The Department does not recognize gain time awarded to county jail inmates pursuant to section 951.21. The circuit court subsequently granted a formal motion filed by the Department. It is this order, styled "Order vacating order of September 3, 1991," that Gaston appeals.
As pointed out in the Department's pleadings, our court agrees there is no requirement that the Department award credit for county gain time. DelToro v. State, 584 So.2d 51 (Fla. 2d DCA), rev. dismissed, 591 So.2d 180 (Fla. 1991). Nevertheless, the peculiar and perhaps unique facts of this case suggest this was not the true intent of the vacated 1991 order. Instead, Gaston construes that order in what we deem is a reasonable manner. The practical effect of the stipulation and order was not to require the Department of Corrections to award additional gain time, but rather to shorten Gaston's overall sentence by 55 days. We note that the 1991 order was entered within sixty days of our mandate in Gaston's plenary appeal.[1] This fact lends weight to Gaston's argument that the order essentially was one mitigating his sentence pursuant to Florida Rule of Criminal Procedure 3.800(b).
Mitigation of a lawful sentence is largely discretionary with the trial court.[2] It is for this reason that orders denying mitigation are not appealable. Davenport v. State, 414 So.2d 640 (Fla. 1st DCA 1982). If the state objects to such reduction, it is not without a remedy. For example, a trial *498 court lacks jurisdiction to mitigate a sentence outside the rather narrow time constraints imposed by rule 3.800(b), and we have reviewed untimely orders by certiorari. See, e.g., State v. Rhodes, 554 So.2d 1229 (Fla. 2d DCA 1990). Since the state may appeal downward departures from the sentencing guidelines, presumably mitigation of a sentence below the guideline recommendation would result in an order appealable pursuant to Florida Rule of Appellate Procedure 9.140(c)(1)(J). In the present case, however, the state did not object to the shortening of Gaston's sentence. That decision therefore became final when no appeal was taken.[3]
Perhaps confusion might have been averted in 1991 had the circuit court issued an amended judgment and sentence reflecting additional credit for time served, or referred to rule 3.800(b) somewhere in its order. However, these omissions do not mean that the order is, as the Department's pleadings suggest, a nullity. To the extent the order was intended to affect the Department of Corrections, the Department is required only to advance Gaston's "maximum sentence expiration date" pursuant to section 944.275(2)(a), Florida Statutes (1991), without also refiguring the amount of gain time it must award him.
The order under review is hereby quashed and this case is remanded to circuit court with instructions to reinstate the order of September 3, 1991.
Reversed.
FRANK, A.C.J., and HALL and PARKER, JJ., concur.
NOTES
[1] Gaston v. State, 580 So.2d 758 (Fla. 2d DCA 1991) (table of memorandum decisions).
[2] For example, we see no reason why the circuit court could not have reacted favorably to Gaston's receipt of county gain time, notwithstanding our holding in DelToro that such credit is not absolutely required.
[3] Supplemental pleadings filed by Gaston in this appeal indicate that Gaston also sought mandamus relief in the Second Judicial Circuit (Leon County). An order by Circuit Judge P. Kevin Davey, rendered on or about June 1, 1992, granted Gaston's petition for reasons quite similar to those we express in the present opinion. The Department of Corrections appealed Judge Davey's order to the First District Court of Appeal, where the case remains pending.