632 So.2d 192 (1994)
Beres WAITE, Petitioner,
v.
Harry K. SINGLETARY, Jr., Secretary of the Florida Department of Corrections, Respondent.
No. 93-1841.
District Court of Appeal of Florida, Third District.
February 15, 1994.
*193 Bennett H. Brummer, Public Defender, and Bruce A. Rosenthal, Asst. Public Defender, for petitioner.
Robert A. Butterworth, Atty. Gen., and Jason Vail and Cecilia Bradley, Asst. Attys. Gen., Tallahassee, for respondent.
Before SCHWARTZ, C.J., and BARKDULL and COPE, JJ.
COPE, Judge.
Beres Waite petitions for a writ of habeas corpus. We deny the petition.
Waite was convicted of two counts of attempted first degree murder with a deadly weapon, aggravated battery with a deadly weapon, and aggravated assault with a deadly weapon.[1] The offenses were committed in 1984. Waite was sentenced to 27 years in prison.[2]
In addition to ordinary gain time, Waite was granted reductions of sentence on account of prison overcrowding. Insofar as pertinent here, this included 1,860 days of provisional credits under section 944.277, Florida Statutes (Supp. 1988), as amended.[3] Waite was released from custody on December 1, 1992 by expiration of sentence, having served 7 years, 4 1/2 months.
On December 29, 1992 the Attorney General issued Opinion 92-96, and a clarification on December 31, 1992. The Attorney General's opinion found that the Department of Corrections' method of release date calculation for provisional release credits under section 944.277, Florida Statutes (Supp. 1992), was in error in certain respects.
Paragraph 944.277(1)(i), Florida Statutes (Supp. 1992), provided,[4] in part, that there was no eligibility for provisional credits for an inmate who "[i]s convicted, or has been previously convicted, of committing or attempting to commit murder in the first, second, or third degree." After reviewing the legislative history of the statute, the Attorney General concluded that the statute applies retroactively.
Based on the Attorney General's opinion, the Department of Corrections determined that Waite had not been eligible for the 1,860 days of provisional credits which he had been awarded. Accordingly, the Department obtained a court order and took Waite back into custody.[5]
Waite has petitioned for a writ of habeas corpus, contending that the Department's actions *194 are illegal and that he is entitled to be released.
In the present case the statute rendering Waite ineligible for provisional credits was enacted prior to his release on December 1, 1992. There is no constitutional impediment to the retroactive cancellation of provisional credits. Dugger v. Rodrick, 584 So.2d 2 (Fla. 1991), cert. denied, ___ U.S. ___, 112 S.Ct. 886, 116 L.Ed.2d 790 (1992). Furthermore:
When a prisoner is released or discharged from prison by mistake, he may be recommitted if his sentence would not have expired had he remained in confinement... . Unless interrupted by violation of parole or some fault of the prisoner, the sentence continues to run while the prisoner is at liberty, and the prisoner's sentence must be credited with that time.
Carson v. State, 489 So.2d 1236, 1238 (Fla. 2d DCA 1986) (citations omitted); accord Sutton v. Department of Corrections, 531 So.2d 1009 (Fla. 1st DCA 1988); cf. § 944.405, Fla. Stat. (1993) (as amended by ch. 93-406, § 34, Laws of Fla.).
The point most strongly urged by petitioner is that Attorney General's Opinion No. 92-96 is in error in its statutory construction. Petitioner argues that paragraph 944.277(1)(i), Florida Statutes (Supp. 1992), was intended to apply only for offenses committed on or after January 1, 1990, see ch. 89-100, § 6, Laws of Fla., and was not intended to apply retroactively.
By way of reply, the Department of Corrections has submitted the petition for writ of habeas corpus and response thereto in Ipnar v. Singletary, 620 So.2d 761 (Fla. 1993) (table). The statutory construction issues urged here were thoroughly briefed in that case. Although the Florida Supreme Court did not issue a written opinion, in our view the Supreme Court's denial of the petition for writ of habeas corpus in Ipnar necessarily approved the analysis contained in question 3 of Attorney General's Opinion No. 92-96. We therefore deny the petition for writ of habeas corpus.
NOTES
[1] See generally Waite v. Waite, 618 So.2d 1360 (Fla. 1993).
[2] Based on defendant's scoresheet, this was the maximum sentence for the recommended range for a 1984 conviction for these offenses.
[3] It also included an additional 720 days administrative gain time under a predecessor prison overcrowding provision, section 944.276, Florida Statutes (1987).
[4] The statutory scheme was changed in 1993. See § 944.278, Fla. Stat. (1993); ch. 93-406, §§ 32, 35, Laws of Fla. The question before us, however, is whether Waite was entitled to release by expiration as of December 1, 1992, prior to the enactment of the 1993 legislation.
[5] The Department of Corrections has followed the same procedure for other inmates similarly situated.