691 So.2d 65 (1997)
Harry K. SINGLETARY, Jr., Secretary of Florida Department of Corrections, Appellant,
v.
Dino MARCHETTI, Appellee.
No. 97-103.
District Court of Appeal of Florida, Third District.
April 11, 1997.
Judy Bone, Gainesville, for appellant.
Bennett H. Brummer, Public Defender, and Maria E. Lauredo, Assistant Public Defender, for appellee.
Before LEVY, FLETCHER and SHEVIN, JJ.
SHEVIN, Judge.
We affirm the order under review as an order that, in effect, mitigates defendant's sentence. Although the trial court styled the order as an "Order Allowing Additional Prison Gain-Time," the court's intention was to address defendant's sentence, and mitigate that sentence in view of defendant's unnecessary retention in county jail.
Defendant had been transported to county jail from the custody of the Department of Corrections [DOC], pursuant to a trial court order, to appear at a hearing on May 14, 1996. Had defendant been returned timely to prison, into DOC's custody, he could have potentially earned gain time to abbreviate his sentence. However, the court did not order defendant's return to the DOC until November 8, 1996, six months later. As a result of his stay in the county jail, the defendant was denied the opportunity to earn gain time.
Although the trial court lacks jurisdiction to award gain time credit, see State v. Green, 547 So.2d 925 (Fla.1989), "[m]itigation of a lawful sentence is largely discretionary with the trial court[,]" Gaston v. State, 613 So.2d 496, 497 (Fla. 2d DCA), review denied, 626 So.2d 208 (Fla.1993), and we deem defendant's construction of the court's order, as a sentence mitigation, to be reasonable. The court's reasoning in Gaston, upon reviewing an order vacating an award to Gaston of 55 days gain time, is equally applicable to the facts here.
The practical effect of the [order] was not to require the Department of Corrections to award additional gain time, but rather *66 to shorten Gaston's overall sentence by 55 days. We note that the [subject] order was entered within sixty days of our mandate in Gaston's plenary appeal. This fact lends weight to Gaston's argument that the order essentially was one mitigating his sentence pursuant to Florida Rule of Criminal Procedure 3.800(b).
Gaston, 613 So.2d at 497 (footnote omitted).
Given the circumstances in this case, defendant's argument that the trial court's order in response to defendant's county jail detention intended to mitigate his sentence by 120 days is well taken. As the court modified defendant's sentence within 60 days after receipt of mandate issued in defendant's original appeal, and the State did not object to the court's order reducing defendant's sentence, we affirm the order. See Gaston; Fla.R.Crim.P. 3.800(b). Accordingly, we modify the order to reflect the trial court's apparent intention to mitigate defendant's sentence and treat it as such, rather than as an order directing the DOC to award additional gain time.
No motion for rehearing will be entertained, and the mandate will issue forthwith.
Affirmed as modified.