ON MOTION FOR REHEARING

[Original Opinion at 25 Fla. L. Weekly D2419]
PER CURIAM.
We withdraw our opinion filed on October 3, 2000, and substitute the following for it.
Appellants are seven inmates who sued the Department of Corrections (DOC) claiming false imprisonment. They alleged that DOC canceled certain of their provisional credits and/or administrative gaintime pursuant to Attorney General Opinion 92-96 (1992), and/or section 944.278, Florida Statutes (1993), and that the United States Supreme Court held in Lynce v. Mathis, 519 U.S. 433, 117 S.Ct. 891, 137 L.Ed.2d 63 (1997), that such cancellation violated the ex post facto clause of the United States Constitution; thus, they *572 were entitled to damages based upon DOC’s unlawful restraint of their liberty. The trial court dismissed the complaints for failure to state a cause of action, holding that DOC’s cancellation of gaintime in reliance on legislation that was presumptively constitutional could not satisfy the element of detention without lawful authority. We affirm.
DOC canceled appellants’ provisional credits and administrative gaintime based upon statutory law. Federal and state courts upheld retroactive cancellation under such laws against repeated ex post facto challenges until the Supreme Court decided Lynce in 1997. See, e.g., Hock v. Singletary, 41 F.3d 1470 (11th Cir.1995); Herring v. Singletary, 879 F.Supp. 1180 (N.D.Fla.1995); Langley v. Singletary, 645 So.2d 961 (Fla.1994); Griffin v. Singletary, 638 So.2d 500 (Fla.1994); Waite v. Singletary, 632 So.2d 192 (Fla. 3d DCA 1994). DOC’s adherence to statutes requiring cancellation of provisional credits and administrative gaintime cannot now be recast as “unlawful.”
AFFIRMED.
ERVIN, MINER and KAHN, JJ., CONCUR.