Mr. Conrad C. Bishop, Jr. Lafayette County Attorney Post Office Box 167 Perry, Florida 32348
Dear Mr. Bishop:
On behalf of the Lafayette Board of County Commissioners, you ask substantially the following question:
May the board of county commissioners grant commutation of time for good conduct of county prisoners in excess of that provided in section 951.21, Florida Statutes?
In sum:
The board of county commissioners may not, in the absence of statutory authorization, grant commutation of time for good conduct of county prisoners in excess of that provided in section951.21, Florida Statutes.
Section 951.21(1), Florida Statutes, provides:
"Commutation of time for good conduct of county prisoners shall be granted by the board of county commissioners unless, by a majority vote of the board of county commissioners, the board elects to discontinue or revise gain-time policies for good conduct. If the board of county commissioners authorizes commutation of time for good conduct, the following deductions shall be made from the term of sentence when no charge of misconduct has been sustained against a county prisoner: up to 5 days per month off the first and second years of the sentence; up to 10 days per month off the third and fourth years of the sentence; up to 15 days per month off the fifth and all succeeding years of the sentence. Where no charge of misconduct is sustained against a county prisoner, the deduction shall be deemed earned and the prisoner shall be entitled to credit for a month as soon as the prisoner has served such time as, when added to the deduction allowable, will equal a month. A county prisoner under two or more cumulative sentences shall be allowed commutation as if they were all one sentence."[1]
In addition to the above credits, section 951.21(3), Florida Statutes, permits the county commission, upon the recommendation of the warden or sheriff, to adopt a policy allowing county prisoners an extra good-time allowance for meritorious conduct or exceptional industry not to exceed 5 days per month. Section951.21 also makes provision for the forfeiture of such time allowances.[2]
You ask whether the board of county commissioners may increase the above time credits and allowances for county prisoners. For example, the board may be interested in granting more than 5 days for the first year of the sentence or allowing 8 days per month for meritorious conduct or exceptional industry.
Initially, it must be noted that section 951.21, Florida Statutes, applies to county prisoners serving county jail sentences. For example, in DelToro v. State,[3] the court held that the statute applies only to county jail sentences and not to pretrial detainees who are ultimately transferred to the custody of the Florida Department of Corrections.
It is a principle of statutory construction that when the controlling law directs how a thing is to be done, that is, in effect, a prohibition against its being done in any other way.[4]
Section 951.21, Florida Statutes, permits a board of county commissioners to authorize commutation of time for good conduct for up to five days a month off the first and second years of a county prisoner's sentence, up to 10 days a month off the third and fourth years of the sentence and up to 15 days per month off the fifth year and all succeeding years of the sentence. In addition, upon the recommendation of the warden or sheriff, the board may adopt a policy allowing county prisoners an extra good-time allowance for meritorious conduct or exceptional industry not to exceed 5 days per month. Nothing in the statute authorizes the board of county commissioners to increase the time granted beyond that provided in the statute.
Accordingly, I am of the opinion that the board of county commissioners may not, in the absence of statutory authorization, grant commutation of time for good conduct of county prisoners in excess of that provided in section 951.21, Florida Statutes.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tjw
[1] But see, s. 922.051, Fla. Stat. ("When a statute expressly directs that imprisonment be in a state prison, the court may impose a sentence of imprisonment in the county jail if the total of the prisoner's cumulative sentences is not more than 1 year"); s. 921.187(1)(a)7., Fla. Stat. (court may sentence the offender pursuant to s. 922.051 to imprisonment in a county jail when a statute directs imprisonment in a state prison, if the offender's cumulative sentence, whether from the same circuit or from separate circuits, is not more than 364 days). In Armstrong v.State, 656 So.2d 455 (Fla. 1995), the Supreme Court of Florida stated that consecutive county jail sentences that exceed one year for misdemeanors, as opposed to felonies, are permitted under s.922.051, Fla. Stat. Cf., s. 944.275(4), Fla. Stat., providing for gain time granted by the Department of Corrections and stating in subparagraph (4)(b)3.,
"For sentences imposed for offenses committed on or after October 1, 1995, the department may grant up to 10 days per month of incentive gain-time, except that no prisoner is eligible to earn any type of gain-time in an amount that would cause a sentence to expire, end, or terminate, or that would result in a prisoner's release, prior to serving a minimum of 85 percent of the sentence imposed. For purposes of this subparagraph, credits awarded by the court for time physically incarcerated shall be credited toward satisfaction of 85 percent of the sentence imposed. Except as provided by this section, a prisoner shall not accumulate further gain-time awards at any point when the tentative release date is the same as that date at which the prisoner will have served 85 percent of the sentence imposed. State prisoners sentenced to life imprisonment shall be incarcerated for the rest of their natural lives, unless granted pardon or clemency."
[2] See, ss. 951.21(2) and (4), Fla. Stat., respectively:
"(2) For each sustained charge of escape or attempted escape, mutinous conduct, or other serious misconduct, all the commutation which shall have accrued in favor of a county prisoner up to that day shall be forfeited, except that in case of escape if the prisoner voluntarily returns without expense to the state or county then such forfeiture may be set aside by the board of county commissioners if in its judgment the prisoner's subsequent conduct entitles him or her thereto.
* * *
(4) All or any part of the gain-time earned by a county prisoner and any extra gain-time allowed him or her, if any, shall be subject to forfeiture by the board of county commissioners upon recommendation of the sheriff or warden for violation of any law of the state or any rule or regulation of the board or institution."
[3] 584 So.2d 51 (Fla. 2d DCA 1991), dism., 591 So.2d 180
(Fla. 1991). And see, Haines v. Broward County Board ofCommissioners, 695 So.2d 818 (Fla. 4th DCA 1997), in which the court held that after a state prison sentence has been imposed, a defendant's entitlement to any gain time, even for a temporary stay in county jail, is a decision that rests with the Department of Corrections.
[4] See, Alsop v. Pierce, 19 So.2d 799, 805 (Fla. 1944) (when the Legislature has prescribed the mode, that mode must be observed;); Thayer v. State, 335 So.2d 815 (Fla. 1976).