867 So.2d 538 (2004)
Harold R. LEIFFER, Appellant,
v.
STATE of Florida, Appellee.
No. 5D04-76.
District Court of Appeal of Florida, Fifth District.
February 27, 2004.
Harold R. Leiffer, Zephryhills, pro se.
No Appearance for Appellee.
SHARP, W., J.
Leiffer appeals from the circuit court's denial of his motion to correct "awarded jail time credit," which the circuit court treated as a Rule 3.800(a) motion to correct illegal sentence. Leiffer seeks an additional 69 days of credit. We affirm.
The dates for which Leiffer seeks credit are March 14, 2001 through May 22, 2001. He was initially sentenced on January 18, 2001, and on March 9, 2001, the circuit court corrected his sentence to reflect 636 days of jail credit, nunc pro tunc, to January 18, 2001. He was then apparently released by mistake on March 14, 2001, and not returned to custody until May 22, 2001. He was not in custody for those 69 days. If the merits were to be addressed, it appears Leiffer is entitled to no relief.
However, there are two reasons this cause should be affirmed. First, the circuit court correctly concluded that it had no jurisdiction over this matter because the 69 days related to "post sentencing" credit. See § 921.161(2), Fla. Stat. (2003).[1] And second, this motion is successive.[2] The order being appealed in this case was dated November 14, 2003. It stated that *539 the circuit court had previously considered and ruled on the merits that Leiffer was not entitled to credit for the 69 days he was erroneously at liberty, and attached a copy of an order dated September 4, 2003. This order, in turn, referenced and attached a June 4, 2001 order which was filed in a prior proceeding, and provided a ruling on the merits for this issue. Although somewhat confusing the November order is in the nature of a corrected final order, because the September order may have been perceived as incomplete, as it failed to notify Leiffer of his right to appeal in 30 days.[3] We see no error in treating the two orders as essentially one for purposes of this appeal.
AFFIRMED.
PETERSON and THOMPSON, JJ., concur.
NOTES
[1] For issues involving post-sentencing credit, a defendant must first exhaust his administrative remedies and then seek mandamus relief in the Circuit Court in Leon County, where DOC maintains its headquarters. See Washington v. State, 662 So.2d 1027 (Fla. 5th DCA 1995); Curry v. Wainwright, 419 So.2d 744 (Fla. 5th DCA 1982).
[2] See State v. McBride, 848 So.2d 287 (Fla. 2003).
[3] Although the trial court in the November order advised Leiffer of his right to appeal within 30 days, this information is only required under Rule 3.850, not Rule 3.800(a). See Dunbar v. State, 688 So.2d 993 (Fla. 5th DCA 1997).