919 So.2d 471 (2005)
The STATE of Florida, Appellant,
v.
Juan Antonio MENDIOLA, Appellee.
No. 3D04-2860.
District Court of Appeal of Florida, Third District.
August 31, 2005.
Rehearing and Rehearing Denied January 6, 2006.
Charles J. Crist, Jr., Attorney General and Lucretia A. Pitts, Assistant Attorney General, for appellant.
Bennett H. Brummer, Public Defender and Harvey J. Sepler, Assistant Public Defender, for appellee.
Before WELLS and CORTIÑAS, JJ., and SCHWARTZ, Senior Judge.
Rehearing and Rehearing En Banc Denied January 6, 2006.
SCHWARTZ, Senior Judge.
This unusual case concerns the effect of two separate mistakes made by the system as to Mendiola's prison term. We hold that, while the trial judge was entirely right as to the corrections required, he was wrong about his authority to effect one of them. Hence, we partially quash the order under review.
On February 22, 1989, the defendant pled guilty to a variety of offenses pursuant to a plea agreement under which he was to receive a 50-year sentence. On March 8, 1989, however, the trial judge mistakenly entered a written sentence *472 which reflected a 40-year term. Mendiola then began duly to serve his time, but through what was a mistake to which he did not contribute, the defendant was released from the state prison in October 2002, long before either 40 or 50 years had passed. When the error was discovered, the state took him back into custody and (in what was a legally unrelated event because the difference between the sentences had nothing to do with his premature release) filed a "motion to correct the sentence" from the 40 years reflected in the record to the 50 years which had been agreed upon. In the order now under review, the trial judge indeed granted the motion and "corrected" the sentence to 50 years, a ruling about which the state, of course, does not complain.[1] It does complain that the thus-corrected sentence also contained a piggybacked provision awarding "credit for time served" during the period in which he had been erroneously released from state prison.
Although the present state appeal from that order, purportedly taken pursuant to Fla. R.App. P. 9.140(c)(1)(M)("The state may appeal an order imposing an unlawful or illegal sentence ...."), is unauthorized, see Reynolds v. State, 590 So.2d 1043 (Fla. 1st DCA 1991)(request for post-sentencing credit does not impact the legality of the sentence), we treat the proceeding as an application for certiorari and quash that portion of the corrected sentence under review.
We agree with the substantive merits of defendant's position that he is entitled to that credit. See Waite v. Singletary, 632 So.2d 192, 194 (Fla. 3d DCA 1994) ("When a prisoner is released or discharged from prison by mistake, ... [u]nless interrupted by violation of parole or some fault of the prisoner, the sentence continues to run while the prisoner is at liberty, and the prisoner's sentence must be credited with that time." (quoting Carson v. State, 489 So.2d 1236, 1238 (Fla. 2d DCA 1986))), review denied, 640 So.2d 1109 (Fla.1994); Hester v. State, 730 So.2d 747 (Fla. 2d DCA 1999); Jones v. State, 676 So.2d 84 (Fla. 5th DCA 1996); Drumwright v. State, 572 So.2d 1029 (Fla. 5th DCA 1991); Sutton v. Dep't of Corr., 531 So.2d 1009 (Fla. 1st DCA 1988); cf. Fraser v. State, 602 So.2d 1299, 1300 (Fla.1992)(defendant entitled to credit for time on community control because "it would be unfair and inequitable to penalize [defendant] for a clerical mistake for which he was not responsible"). Notwithstanding, it is clear that the trial court lacks subject matter jurisdiction to deal with the length or conditions of a defendant's incarceration as to matters which arise after the sentence has begun; only the Department of Corrections has that authority. See Leiffer v. State, 867 So.2d 538, 538 n. 1 (Fla. 5th DCA 2004); Cordova v. State, 855 So.2d 216 (Fla. 3d DCA 2003); Bostrom v. State, 732 So.2d 1228 (Fla. 5th DCA 1999); Reynolds, 590 So.2d at 1044. But see Hester, 730 So.2d at 748; Jones, 676 So.2d at 84; Carson, 489 So.2d at 1238.
Although it is ordinarily preferable to avoid legal "churning," State v. Rucker, 613 So.2d 460, 462 (Fla.1993), the basic principle of separation of powers that the judiciary is precluded from interfering with, much less usurping the proper authority of the executive, see Fla. Senate v. Fla. Pub. Employees Council 79, 784 So.2d 404 (Fla.2001); Dep't of Children & Family Servs. v. I.C., 742 So.2d 401 (Fla. 4th DCA 1999), requires[2] us to vacate  specifically *473 without prejudice to an appropriate application to the Department of Corrections for the relief in question  that part of the order below which provides that "as to Counts 2, 3, 4, & 5 of this case, the Sentence shall also include: credit for time in INS from 10/29/2002 until 3/21/2003; credit for time the Defendant was on the street through no fault of his own from 3/21/2003 until 6/23/2004; and credit for time served in DCJ from 6/23/2004 until 11/08/2004."
Certiorari granted in part.
NOTES
[1] The defendant also does not take issue with the corrected sentence.
[2] Unlike Singletary v. Marchetti, 691 So.2d 65 (Fla. 3d DCA 1997), this defect cannot be cured by treating the order as one "mitigating" the sentence because the jurisdictional time for mitigation had long since expired. See Fla. R.Crim. P. 3.800(c)(court may reduce or modify legal sentence within 60 days); Simmons v. State, 907 So.2d 646 (Fla. 3d DCA 2005).