915 So.2d 733 (2005)
James T. CURTIS, Appellant,
v.
STATE of Florida, Appellee.
No. 2D05-4014.
District Court of Appeal of Florida, Second District.
December 7, 2005.
ALTENBERND, Judge.
James T. Curtis appeals the trial court's order denying his request for ten additional days of jail credit. He claims that he lost the opportunity to earn gain time on his state prison sentence while he was housed in a county jail, awaiting scheduled evidentiary hearings on his motion for postconviction relief. The Department of Corrections gave Mr. Curtis credit for the actual time he spent in jail, but did not give him the additional gain time he would have received if he had been incarcerated in a prison.
Mr. Curtis sought additional jail credit as a substitute for his gain time by filing a motion pursuant to Florida Rule of Criminal Procedure 3.800(b). The trial court denied the motion, explaining that it was not timely under rule 3.800(b) and that it did not plead a basis for relief under rule 3.800(a). Mr. Curtis claims on appeal that he was actually seeking to file a motion to mitigate his sentence, which would have been properly filed under rule 3.800(c).
A decision to mitigate a sentence is largely a discretionary decision by a trial judge, and that decision is not appealable. See Lancaster v. State, 821 So.2d 416 (Fla. 2d DCA 2002). The defendant has a narrow sixty-day window in which to seek this relief, measured either from the date of imposition of the sentence or from receipt of the mandate if the sentence is appealed. On rare occasion, a defendant has sought jail credit to replace gain time within this narrow window under rule 3.800(c). See, e.g., Gaston v. State, 613 So.2d 496 (Fla. 2d DCA 1993); Singletary v. Marchetti, 691 So.2d 65 (Fla. 3d DCA 1997). Mr. Curtis's motion was filed well beyond the sixty-day period, and the trial court had no authority to grant him relief. See Simmons v. State, 907 So.2d 646 (Fla. 3d DCA 2005); see also State v. Mendiola, 30 Fla. L. Weekly D2039, ___ So.2d ___, 2005 WL 2088008 (Fla. 3d DCA Aug.31, 2005) (defect in sentence credit could not be cured by treating the order as one "mitigating" the sentence because the jurisdictional time for mitigation had long since expired).
*734 Defendants need to understand that one of the risks associated with filing postconviction motions is a possible loss of gain time while they are housed in jails to attend evidentiary hearings.
Affirmed.
WHATLEY and VILLANTI, JJ., Concur.