LAWSON, J.
Robert Willis appeals an order denying his motion seeking additional jail credit, filed pursuant to Florida Rule of Criminal Procedure 3.800(a). The trial judge correctly denied the motion, finding that Willis had been credited with all of the time he spent in the county jail on his charges prior to sentencing. See § 921.161(1), Fla. Stat. (2008). Willis’ motion requested that the court grant additional jail credit for the time he spent in jail after sentencing, awaiting transport to the Department of Corrections. This request should have been made to the Department itself. See § 921.161(2), Fla. Stat. (2008); see also Smith v. State, 932 So.2d 594, 595 (Fla. 5th DCA 2006) (a “trial court is only required to award credit for pre-sentence jail time; it is the function of the Department of Corrections to award credit for any time served in jail after sentencing but before transfer to state prison”); Leiffer v. State, 867 So.2d 538, 538 n. 1 (Fla. 5th DCA 2004) (“For issues involving post-sentencing credit, a defendant must first exhaust his administrative remedies and then seek mandamus relief....”).
AFFIRMED.
PALMER and JACOBUS, JJ., concur.