# Third District Court of Appeal

## State of Florida

Opinion filed December 21, 2016.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D16-1938
Lower Tribunal No. 12-5315
_____


**Raymond Valdespino,**
Appellant,

vs.

**The State of Florida,**
Appellee.


An Appeal under Florida Rule of Appellate Procedure 9.141(b)(2) from the Circuit Court for Miami-Dade County, Victoria S. Sigler, Judge.

Raymond Valdespino, in proper person.

Pamela Jo Bondi, Attorney General, and Sandra Lipman, Assistant Attorney General, for appellee.


Before ROTHENBERG, LOGUE, and SCALES, JJ.


ROTHENBERG, J.

Raymond Valdespino ("the defendant") appeals the denial of his rule 3.800 motion to correct what he claims is an illegal sentence, and a subsequent order denying his motion to clarify his sentence. Although we conclude, as did the trial court, that the defendant's claim that he is entitled to additional credit for time served in the Dade County Jail is without merit, we remand for consideration of an additional claim the trial court apparently overlooked.

The record reflects as follows. The defendant was arrested on March 1, 2012, and was not released prior to trial. Following a jury trial, the defendant was sentenced on August 27, 2013, to twenty-two years with a three-year minimum mandatory for shooting a deadly missile (Count I), fifteen years for discharging a firearm from a motor vehicle (Count II), and five years for committing an aggravated assault (Count III), with all sentences to be served concurrently as an habitual felony offender. On September 25, 2013, the defendant was picked up and transported to state prison by the Department of Corrections ("DOC"). The defendant received credit for the time he served from March 1, 2012, the date of his arrest, through August 27, 2013, the date he was sentenced. The defendant, however, claims that the trial court should also have given him credit for the time he served in the county jail from August 27, 2013, the date of sentencing, to September 25, 2013, the date he was picked up by the DOC.

The trial court correctly denied the defendant's motion to award him credit for this additional time because the trial court only awards credit for pre-sentencing jail time. The award of post-sentencing jail time is the function of the DOC. See Willis v. State, 18 So. 3d 1215 (Fla. 5th DCA 2009) (affirming the trial court's order denying Willis's motion for additional jail credit for time spent in jail after sentencing and holding that Willis's motion should have been directed to the DOC); Smith v. State, 932 So. 2d 594, 595 (Fla. 5th DCA 2006) (stating that a "trial court is only required to award credit for pre-sentence jail time; it is the function of the Department of Corrections to award credit for any time served in jail after sentencing but before transfer to state prison"); see also § 921.161(1), Fla. Stat. (2013).

If the defendant has not received post-sentencing credit, he may submit his request for this additional time to the DOC. If he is unsuccessful in obtaining the requested relief from the DOC, and he exhausts his administrative remedies, he may then seek mandamus relief. Leiffer v. State, 867 So. 2d 538, 538 n.1 (Fla. 5th DCA 2004).

In reviewing the record, it appears that the defendant also sought relief under rule 3.800 with regards to the habitual felony offender sentences imposed. He claims that the predicate offenses relied on by the trial court when it found that the defendant qualified to be sentenced as a habitual felony offender were legally

3

insufficient. Because it appears that the trial court overlooked and has not ruled on this claim, we remand to afford the trial court the opportunity to address it. This Court takes no position on the merits of this claim.

Affirmed; remanded with directions.