EDWARDS, J.
*830 Wayne Norris appeals the order denying his postconviction motion, in which he sought additional credit against his prison sentence for the period of time he had been at liberty after being erroneously released from prison. We agree with the postconviction court's finding that under the present circumstances, Norris appears to be entitled to credit against his sentence for time spent at liberty when he was prematurely released from prison through no fault of his own. See Drumwright v. State , 572 So. 2d 1029, 1031 (Fla. 5th DCA 1991) (holding the sentence of a prisoner who is discharged without contributing fault continues to run while he is at liberty).
However, we also agree with the postconviction court that it is up to the Department of Corrections to afford Norris that credit. See State v. Mendiola , 919 So. 2d 471, 472 (Fla. 3d DCA 2005) (holding the trial court's order awarding defendant credit for time spent at liberty when he was prematurely released from prison violated separation of powers doctrine).
Accordingly, we affirm the postconviction court's order denying Norris' postconviction motion without prejudice to Norris to pursue administrative remedies by appropriate application to the DOC. Should Norris not obtain the relief he believes he is entitled to, after exhausting his administrative remedies, he may seek judicial relief. See Bostrom v. State , 732 So. 2d 1228, 1229 (Fla. 5th DCA 1999) (holding defendant seeking post-sentence credit must exhaust administrative remedies available to him before he seeks relief from the courts).
AFFIRMED.
WALLIS, J., concurs.
EISNAUGLE, J., concurs specially, with opinion.
EISNAUGLE, J., concurring specially.
I concur that the trial court did not err because Appellant has not exhausted his administrative remedies. However, I would not reach the merits of Appellant's entitlement to credit.