DISTRICT COURT OF APPEAL OF FLORIDA
SECOND DISTRICT

_____

WILLIAM DELEON-PEREZ,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

No. 2D22-746
_____

September 22, 2023

Appeal from the Circuit Court for Manatee County; Anthony Johnson, Senior Judge, and Stephen M. Whyte, Judge.

Howard L. Dimmig, II, Public Defender, and Terrence E. Kehoe, Special Assistant Public Defender, Bartow, for Appellant.

Ashley Moody, Attorney General, Tallahassee, and Helene S. Parnes, Senior Assistant Attorney General, Tampa, for Appellee.

VILLANTI, Judge.

William DeLeon-Perez appeals his convictions and sentences for three counts of capital sexual battery on a child under twelve years and one count of lewd or lascivious molestation. While this appeal was pending, Mr. DeLeon-Perez filed a motion to correct sentencing error, alleging that he was due one additional day of jail credit that awarded in his sentence. We affirm Mr. DeLeon-Perez's convictions without further

comment, but for the reasons discussed below, we reverse his sentence and remand for recalculation of his jail credit.

Mr. DeLeon-Perez was arrested and taken into custody by law enforcement on January 29, 2020, after being charged with the aforementioned crimes. He remained in the Manatee County jail while awaiting his trial, which began on March 2, 2022, and concluded with delivery of the jury's verdict and sentencing in the late afternoon on March 4, 2022. Mr. DeLeon-Perez was sentenced to life imprisonment on each of the three sexual battery counts and to twenty-five years' imprisonment on the lewd or lascivious molestation count, all to run concurrently. It is undisputed that Mr. DeLeon-Perez was in custody of the Manatee County Sheriff all day on March 4, 2022, prior to his transport to prison.

On August 12, 2022, Mr. Deleon-Perez filed his "Motion to Correct Sentencing Errors Pursuant to Fla. R. Crim. P. 3.800(b)," alleging that he was entitled to 766 days of jail credit against his sentences but that he only received 765 days. Relying on Florida Administrative Code Rule 23-21.011(1) (2022), section 921.161, Florida Statutes (2022), and *Valdespino v. State*, 209 So. 3d 64 (Fla. 3d DCA 2014), the postconviction court concluded that " 'credit for time served' only refers to time spent in the county jail prior to sentencing; any time a defendant spends in the county jail on the day of or following sentencing is counted toward his prison sentence."

The application of days served in jail as a credit against a prison sentence involves the interpretation of a statute, section 921.161, which is subject to de novo review. *See Bevans v. State*, 291 So. 3d 591, 593 (Fla. 4th DCA 2020). Section 921.161(1) provides:

2

> A sentence of imprisonment shall not begin to run before the date it is imposed, but the court imposing a sentence shall allow a defendant credit for all of the time she or he spent in the county jail **before sentence**. The credit must be for a specified period of time and shall be provided for in the sentence.

(Emphasis added.) "[W]hen the language of the statute is clear and unambiguous and conveys a clear and definite meaning, there is no occasion for resorting to the rules of statutory interpretation and construction; the statute must be given its plain and obvious meaning." *Holly v. Auld*, 450 So. 2d 217, 219 (Fla. 1984) (quoting *A.R. Douglass, Inc. v. McRainey*, 137 So. 157, 159 (Fla. 1931)), *abrogated on other grounds by Conage v. United States*, 346 So. 3d 594, 598 n.3 (Fla. 2022).

Section 921.161(1) clearly and unequivocally provides that a defendant must be given credit for *all* of the time served in the county jail *before sentencing*. The statute also provides the procedure for crediting a defendant for time spent in the county jail "between sentencing and being placed in custody of the department." Because Mr. DeLeon-Perez was not placed in the custody of the Department of Corrections until the end of the day on March 4, 2022, the credit for time served should have been allocated to the time he spent in the county jail and not his prison sentence, as the State argues.

The postconviction court's reliance on Florida Administrative Code Rule 23.21-011 was in error. Chapter 23 governs the operations and procedures of the Florida Commission on Offender Review, a committee comprised of members appointed by the governor and cabinet who review state prison inmates' eligibility for parole. *See* § 947.02(1), Fla. Stat. (2022). The Commission on Offender Review functions alongside the Florida Department of Corrections. *See id.*; *see also* ch. 2014-191, Laws

3

of Fla. (§ 947.13, Fla. Stat.). Thus, rule 23.21-001, "calculating time in custody," refers to a defendant's time incarcerated in the state prison, not the county jail.

Additionally, the trial court cited *Valdespino*, 209 So. 3d at 65, for the premise that credit of postsentencing jail time is the function of the Department of Corrections and not the trial court. *Valdespino* is distinguishable because the defendant in that case was awarded jail credit for the time he spent in jail after his arrest until the day of his sentencing, but he remained in the county jail for a month following sentencing. *Id.* He subsequently filed a motion in the trial court for an award of jail credit for the month he remained in the county jail after his sentencing. *Id.* In this case, Mr. DeLeon-Perez remained in custody of the Manatee County Sheriff on the day of his sentencing and was transported to the state prison later that evening. He has not requested any credit for time served following his sentencing.

Accordingly, we reverse Mr. DeLeon-Perez's sentence and remand for recalculation of jail credit as explained in this opinion.

Affirmed in part, reversed in part, and remanded for further proceedings.

NORTHCUTT, J., Concurs.
LUCAS, J., Concurs in result only with separate statement.

LUCAS, J., Concurring in result only with separate statement.

I concur in result only on the decision to reverse. Mr. DeLeon-Perez's motion was not facially sufficient and was incorrectly filed under Florida Rule of Criminal Procedure 3.800(b). Because he has not had an opportunity to file a procedurally proper motion under Florida Rule of Criminal Procedure 3.801—and the court below has not had an

opportunity to consider the merits of such a motion if it were to be filed—we need not, and should not, go any further in our disposition of this case but should simply remand it back to the postconviction court for further proceedings.

———————————————————

Opinion subject to revision prior to official publication.